The State of Ohio, Appellee, *v.* Lane, Appellant.

[Cite as State v. Lane (1976), 50 Ohio App. 2d 41.]

(No. 76AP-100—Decided October 14, 1976.)

*Mr. George C. Smith*, prosecuting attorney, and *Mr. Alan C. Travis*, for appellee.

*Mr. Robert Suhr*, for appellant.

Whiteside, J. Defendant appeals from his conviction of aggravated burglary in the Franklin County Court of Common Pleas and raises the following seven assignments of error in support of his appeal:

1. "The trial court committed reversible error in refusing to charge on the lesser included offenses of breaking and entering and criminal trespass after being specifically requested to do so by the defendant."

2. "The trial court committed reversible error in failing to apply the correct test as to the quantum of evidence required in ruling upon a motion made by defendant's counsel pursuant to Rule 29 of the Ohio Rules of Criminal Procedure at the conclusion of the prosecution's case."

3. "The trial court committed reversible error by failing to properly charge the jury as to the correct statutory definition of the term force as an element of the offense of aggravated burglary."

4. "Section 2911.11 of the Ohio Revised Code, entitled Aggravated Burglary, is unconstitutional in violation

of the Fourteenth Amendment of the United States Due Process Clause insofar as it is applied requiring the element of stealth as an essential element of the case and where such essential element is not defined in the Revised Code of Ohio, it fails to put the defendant on notice as to what conduct constitutes an offense and is further in violation of Section 2901.03 of the Ohio Revised Code which abrogates common law offenses. Further, the trial court improperly defined stealth as an element of aggravated burglary to the defendant's prejudice."

5. "Where a warrant for the defendant's arrest is filed during June of a particular year and no reasonable diligence is exercised by the prosecution in executing such warrant until some five months later, and where the defendant was readily available to the prosecution, had the prosecution exercised such reasonable diligence and further where such failure to exercise such reasonable diligence results in a length of delay which causes prejudice to the defendant's case, the defendant has been denied his right to a speedy trial as is guaranteed by Article I, Section 10 of the Constitution of the State of Ohio, and the Sixth and Fourteenth Amendments of the Constitution of the United States."

6. "Error is committed to the prejudice of the defendant where the prosecution, during voir dire examination of the jurors, specifically represents to the said jurors that the prosecution is not bound to prove its case beyond a reasonable doubt in the criminal case, as such burden is impossible to meet, and extracts commitments from said jurors that said jurors will not hold the prosecution to prove its case beyond a reasonable doubt and further when the prosecution represents to the jurors that it is not held to a higher burden of proof than that of beyond a reasonable doubt when clearly there is no higher burden of proof recognized anywhere in our system of jurisprudence, the defendant's case is irreparably prejudiced and a new trial is required."

7. "Where the evidence relating to an essential element of the crime charged in an indictment is based upon circumstantial evidence is contradicted by direct evidence,

and where such circumstantial evidence is consistent with a reasonable theory of the defendant's innocence, a conviction for such crime is against the manifest weight of the evidence and constitutes reversible error.''

The victim of the alleged crime testified that at about 9:30 a. m., December 30, 1974, he awakened to discover a man taking some money out of his wallet which he had left in his pants pocket hanging on a valet around the bed in which he was lying. The man put the wallet back in the victim's pants pocket and said, ''just visiting,'' and turned around and walked out. The victim found the door to his apartment open and several items from the apartment stacked by the door.

The victim had locked the door the previous night; however, a lady friend had spent the night with him and had left earlier that morning. The victim testified that the lady friend had left the door to his apartment shut but unlocked because she had her arms full. The lady friend did not testify.

After reporting the incident to the police, the victim was shown a book of approximately 240 photographs but was unable to make an identification. Several months later, the victim observed the man he had seen in his apartment leaving an adjacent building. After reporting this to the police, on June 25, 1975, the victim was shown a book containing some 280 photographs and identified a photograph of defendant as being that of the man that had been in his apartment the previous December.

By the first assignment of error, defendant contends that the trial court erred in refusing to charge the jury as to the claimed lesser included offenses of breaking and entering and criminal trespass.

Defendant was convicted of aggravated burglary, which R. C. 2911.11(A) defines with reference to this case, as follows:

''(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.-01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of

the Revised Code, or any felony, when any of the following apply: * * *

"(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."

Criminal trespass as could be pertinent to this case is defined by R. C. 2911.21(A)(1), as follows:

"(A) No person, without privilege to do so, shall do any of the following:

"(1) Knowingly enter or remain on the land or premises of another * * *."

R. C. 2911.13 defines breaking and entering, in part, as follows:

"(A) No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony.

"(B) No person shall trespass on the land or premises of another, with purpose to commit a felony."

Clearly, it would not have been proper to have charged the jury upon criminal trespass. The evidence is clear that defendant, if the perpetrator of the crime, intended to commit a theft offense. The evidence would not have permitted the jury properly to have found that defendant merely entered the apartment without permission.

As to breaking and entering, as defined by R. C. 2911.-13(A), a charge upon a lesser included offense would not have been proper since the evidence clearly indicates that the apartment was an occupied, not an unoccupied structure which is one distinguishing feature between R. C. 2911.13(A) and R. C. 2911.11(A). Defendant contended at trial that the court should have charged upon R. C. 2911.-13(B), contending that the distinguishing feature was whether or not force, stealth, or deception was used by defendant in entering the apartment. Even assuming that this be correct, a charge would not have been proper in this case since breaking and entering as defined by R. C. 2911.13(B) could not have been a lesser included offense under the evidence adduced.

A necessary element of R. C. 2911.13(B) is that the

trespass be "with purpose to commit a felony." Although the intent to commit a felony may be an element of aggravated burglary under R. C. 2911.11(A), intent or purpose to commit a theft offense may be substituted for intent to commit a felony. Clearly, a theft offense may be either a felony or a misdemeanor, depending upon the value of the property involved. However, in order for there to be an intent to commit a theft offense, it is not necessary to prove the value of the property intended to be stolen. If, however, the theft offense is to constitute a felony, it is necessary to prove the value of the property intended to be stolen to be at least $150. There was no evidence in this case indicating an intent to commit a felony, but there was evidence of an intent to commit a theft offense. Accordingly, the trial court did not err in refusing to charge upon the claimed lesser included offenses of breaking and entering and criminal trespass. The first assignment of error is not well taken.

By the second assignment of error, defendant contends that the trial court applied an improper test in ruling upon defendant's motion for acquittal at the conclusion of the state's case pursuant to Crim. R. 29. The correct test is whether "the evidence is insufficient to sustain a conviction." Even assuming that the trial court applied the incorrect test, there was no prejudicial error. An examination of the record clearly reveals sufficient evidence presented by the state to sustain defendant's conviction. The second assignment of error is not well taken.

By the third assignment of error, defendant contends that the trial court did not properly charge the jury as to the definition of the word "force." The trial court somewhat tailored its definition of force to the facts of this case, instructing the jury: "By force means any effort physically exerted by any person to gain an entrance into a residence. * * *" R. C. 2901.01(A) defines force, as follows:

"'Force' means any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing."

The statute defines force as meaning "violence, compulsion, or constraint," which is physically exerted; where-

as, the trial court used the word "effort." In other words, the issue is whether the trial court erred by using the word "effort," rather than one or more of the words "violence, compulsion, or constraint." Since the words are used in the disjunctive, any one of them would suffice.

Unfortunately, the legislature, in defining force, made only one definition applicable both to persons and things and used language or words which are ordinarily applicable to persons rather than things. However, the intent is clear that the language used is to apply both to persons and things. Equally clear is that in this case there is no evidence of violence, whether it be considered as against a person or a thing. Yet defendant's basic contention is that there can be no force unless there is violence. That is an entry by means such as forcing open an unlocked door.

However, the statute clearly indicates that "compulsion * * * physically exerted" against a thing to gain entrance constitutes force. The same is true of constraint. The "thing" in this instance is a closed but unlocked door. Unfortunately, the legislature used synonyms of the word "force" as its definition, both the words "compulsion" and "constraint" being synonyms of "force." The word "compulsion" is usually applied to a power or agency that compels, usually making an individual follow a will not his own. "Constraint" usually applies to an agency causing unwilling performance or avoidance of action.

Accordingly, we find no substantial difference between the statutory definition and that given by the trial court. Both connote the same thing with reference to this case. Defendant must have forced open a closed but unlocked door. This forcing open may have been accomplished by defendant by using his strength to turn the doorknob and pushing the door open. We find no indication from the statutory definition that the General Assembly intended to exclude the forcing open of closed but unlocked doors from the definition of force set forth in R. C. 2901.01(A), or from the crime of aggravated burglary as defined by R. C. 2911.11(A). Accordingly, we find no prejudicial error by the trial court in failing to state to the jury the statutory

definition of force when requested to do so by defendant. The third assignment of error is not well taken.

By the fourth assignment of error, defendant contends that R. C. 2911.11 is unconstitutional because it does not put the defendant on notice as to what conduct constitutes the offense and because the trial court improperly defines stealth as an element of aggravated burglary.

Defendant essentially contends that the absence of a definition of stealth renders the statute unconstitutional. Defendant refers to the ancient common law definition of stealth as being the equivalent of theft. However, it is quite clear that this definition is not applicable to trespass by stealth. The trial court defined stealth, as follows: "* * * Stealth means any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission." This is a proper definition of the word and is the one which the average person would understand the word to mean, as used by R. C. 2911.11(A). There is no merit to the fourth assignment of error.

By the fifth assignment of error, defendant contends that he was denied a speedy trial since he was not arrested until some five months after the victim, in June 1975, identified defendant as the perpetrator of the crime. Essentially, defendant contends that the police did not use reasonable diligence in arresting him for the crime. Although there may have been some delay in the arrest of defendant, there is no indication that this was intentional. The victim identified defendant in late June 1975. The trial was held in early January 1976, less than seven months later. Under these circumstances, and from an entire review of the record, we find no constitutional denial of a speedy trial. Accordingly, the fifth assignment of error is not well taken.

By the sixth assignment of error, defendant contends that the prosecutor committed error during voir dire examination of the jurors by indicating that the prosecution is not bound to prove its case beyond a reasonable doubt. There were some unfortunate comments by the prosecutor

during the voir dire examination. The trial court did permit both defense counsel and the prosecutor to go beyond the realm of necessity in the voir dire of the jury. However, throughout the trial, it was made clear to the jury that the law they were to apply was given to them by the court in its charge. The court specifically instructed the jury that it was their duty to apply the law as given to them by the court. The court specifically instructed that the state was required to prove all of the essential elements of the crime beyond a reasonable doubt. We find no prejudicial error in the comment by the prosecutor during voir dire. The sixth assignment of error is not well taken.

By the seventh assignment of error, defendant contends that the verdict is against the manifest weight of the evidence. He bases this contention upon a claimed contradition of circumstantial evidence by direct evidence. However, the record reveals that defendant's conviction was predicated upon direct not circumstantial evidence. The testimony of the victim identifying defendant as a perpetrator of the crime is direct evidence. The victim was quite positive in his identification. The fact that the victim, when originally reporting the crime to the police, told them that he was not certain he could identify the perpetrator of the crime does not render his testimony so weak that a finding of guilty predicated thereon is against the manifest weight of the evidence. In fact, the indication from the victim was that he originally was not certain he could identify the person he saw in his apartment, but that when he saw defendant several months later exiting from an adjacent building he immediately recognized him as the person who had been in his apartment. There was more than ample evidence to sustain the conviction. The seventh assignment of error is not well taken.

For the foregoing reasons, all seven assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

HOLMES and REILLY, JJ., concur.