DECISION
Defendant-appellant, Bruce E. Ervin, was charged in a two-count indictment with burglary, a violation of R.C.2911.12(A)(2) and (4). After a jury trial, the jury found appellant not guilty of burglary as set forth in Count one of the indictment and guilty of burglary as set forth in Count two of the indictment. Appellant was sentenced to fifteen months at the Ohio Department of Rehabilitation and Correction and a $330.42 fine. Appellant filed a timely notice of appeal and raises the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
By the assignment of error, appellant contends that the judgment is not supported by the evidence and is against the manifest weight of the evidence. Appellant contends that the prosecution failed to prove "force, stealth, or deception" because there was no evidence in this case of force or deception and there was insufficient evidence of stealth.
The standard of review for sufficiency of the evidence is if, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v. Thompkins (1997), 78 Ohio St.3d 380,386.
The test for determining whether a conviction is against the manifest weight of the evidence differs somewhat from the test as to whether there is sufficient evidence to support the conviction. With respect to manifest weight, the evidence is not construed most strongly in favor of the prosecution, but the court engages in a limited weighing of the evidence to determine whether there is sufficient, competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. See State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported (1993 Opinions 5437.)
 * * * Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence
sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' (Emphasis added.) Black's [Law Dictionary (6 Ed. 1990)] at 1594). [Thompkins, at 387.]
In this case, the two counts of the indictment arise out of the same events. Richard Coyne testified that, on April 28, 1998, he was at his home, dressing in his uniform and preparing to go to court to testify as part of his job as a Franklin County Deputy Sheriff. His garage door was open and his car was parked in the driveway. His wife called to him that two men were entering their garage. Richard stated that he went out the front door and asked the men what they were doing. The two men ran to their truck which was in the next door neighbor's driveway with the engine running. Appellant entered the passenger door and locked it. Richard yelled to the men to stop and identified himself as a sheriff. He ran after the two and attempted to open the passenger door. He then broke the window and told appellant to get out of the car. When appellant did not comply, Richard removed his gun from its holster and pulled appellant out of the car. He then struggled to handcuff him. Richard testified that, at that time, appellant kept yelling that he was looking for work. The driver of the car ran away. The neighbor called 9-1-1 and the Columbus police arrived shortly thereafter.
The second witness for the prosecution was Mary Coyne, Richard's wife. She testified that she saw a truck driving slowly down their street and then back into her neighbor's driveway. Mary did not think her neighbors were home so she continued to watch as two men exited the truck. The men started walking towards her garage and she yelled for Richard.
Appellant testified and stated that he and his friend were looking for landscaping work. They had been driving in the neighborhood and had stopped at several houses to ask for work. They were driving by the Coyne residence and noticed that the garage door was open so decided to stop, thinking that someone was home. Appellant went to the neighbor's door and knocked, and his friend went to the Coyne residence. When no one answered at the neighbor's, appellant walked over to the Coyne's house and the two were thinking of knocking on the entrance from the garage to the house. At that time, appellant testified that Richard yelled at them and threatened to shoot them but did not identify himself as a deputy. Appellant could not see Richard because his friend was standing between them. His friend began to run so he did also. He testified that they were only looking for work and did not intend to steal anything.
Appellant was convicted of burglary, a violation of R.C.2911.12(A)(4), which provides as follows:
 (A) No person, by force, stealth, or deception, shall do any of the following:
* * *
 (4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
The trial court defined "stealth" as "any secret, sly, or clandestine act, to gain entrance." (Tr. 126.) That definition was adopted by this court in State v. Lane (1976),50 Ohio App.2d 41, 47. In this case, there was sufficient evidence of stealth. Appellant and his friend were driving slowly down the street indicating that they were looking for an open garage. They backed the truck into the driveway and left the engine running, which indicates intent to leave quickly. They also parked the truck in the next door neighbor's driveway, which suggests an attempt to avoid detection. Rather than approaching the front door, the two used a service walk between the houses and entered the garage. They were not approaching the entrance from the garage to the house but were standing close to Richard Coyne's tool chest. Finally, when Richard inquired as to their purpose, both appellant and his friend ran. Taking flight, without cause for doing so, may be indicative of a consciousness of guilt.State v. Eaton (1969), 19 Ohio St.2d 145, paragraph six of the syllabus, death penalty vacated Eaton v. Ohio (1972),408 U.S. 935. These facts are indications of secret, sly or clandestine acts to gain entrance into the Coyne's garage. Thus, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt and there is sufficient evidence to support the conviction. Also, there is sufficient, competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. Appellant's assignment of error is not well-taken.
For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and BRYANT, JJ., concur.