**The STATE of Ohio, Appellee,**

v.

**SNYDER, Appellant.**

[Cite as *State v. Snyder*, 192 Ohio App.3d 55, 2011-Ohio-175.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 25157.

Decided Jan. 19, 2011.

</div>

56

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

Thomas M. DiCaudo, for appellant.

BELFANCE, Presiding Judge.

{¶ 1} Justin Snyder appeals his conviction from the Summit County Court of Common Pleas. For the reasons that follow, this court affirms.

I

{¶ 2} At 3:30 in the morning on August 28, 2009, William Eldridge awoke to the sound of banging emanating from an enclosed and attached initial entryway located in the rear of his home. Although Eldridge described this area of his home as a "porch," he agreed that some might view it as a "mudroom."[1] Eldridge went to his kitchen, looked out the door into the enclosed porch area, and saw Snyder inside, leaning on a shelf. Eldridge turned on the porch light, but Snyder did not speak or move. Eldridge used the telephone in the kitchen to call 9-1-1. While he was speaking to the operator, he saw the doorknob on the back door turning as if Snyder was trying to open it. The door, however, was locked; and Snyder did not gain access. While Eldridge was still on the phone with the 9-1-1 operator, he heard a police officer apprehending Snyder in the driveway. Eldridge identified Snyder as the man he had seen in his enclosed porch, and Snyder was arrested.

---

1. Although counsel for Snyder has referred to the area interchangeably as a mudroom and a porch, we will refer to the area as a porch in conformance with Eldridge's description.

{¶ 3} Snyder was charged with one count of burglary in violation of R.C. 2911.12(A)(1) and a repeat-violent-offender specification. Snyder pleaded not guilty and sought a jury trial. The repeat-violent-offender specification was dismissed. During trial, the jury was instructed on burglary as defined by R.C. 2911.12(A)(1) and the lesser-included offense of burglary as defined by R.C. 2911.12(A)(4). The jury was unable to reach a unanimous verdict as to R.C. 2911.12(A)(1), but found Snyder guilty of a violation of R.C. 2911.12(A)(4). The trial court sentenced Snyder to 18 months' incarceration.

{¶ 4} Snyder has appealed his conviction and assigns three errors for our review. He argues that (1) the trial court's jury instructions on burglary were inaccurate and misleading, (2) the trial court erred in failing to give an instruction on the offense of criminal trespass, and (3) his conviction is not supported by sufficient evidence. For ease of analysis, we address the assignments of error out of order.

## II

### Burglary Instruction

{¶ 5} At trial, the court instructed the jury on the elements of second-degree felony burglary pursuant to R.C. 2911.12(A)(1) and fourth-degree felony burglary pursuant to R.C. 2911.12(A)(4). Snyder argues in his first assignment of error that the trial court inaccurately described the difference between the elements of the two offenses in its instructions.

{¶ 6} Pursuant to Crim.R. 30(A), "[o]n appeal, a party may not assign as error * * * the failure to give any instructions unless the party objects before the jury retires to consider its verdict." Snyder acknowledges that trial counsel did not object to the instructions. Accordingly, we review his first assignment of error for plain error. *State v. Page*, 9th Dist. No. 23420, 2007-Ohio-2895, 2007 WL 1695106, at ¶ 22.

{¶ 7} To establish plain error,

"[f]irst, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights * * *' [to the extent that it] * * * affected the outcome of the trial."

*State v. Hardges*, 9th Dist. No. 24175, 2008-Ohio-5567, 2008 WL 4724692, at ¶ 9, quoting *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240.

{¶ 8} In keeping with established precedent, we have repeatedly stated that "[t]he plain error rule should be applied with utmost caution and invoked only

under exceptional circumstances, in order to prevent a manifest miscarriage of justice." *Page* at ¶ 22.

█ {¶ 9} With respect to jury instructions, the Supreme Court of Ohio has also held that "[f]ailure of a trial court to separately and specifically instruct the jury on every essential element of each crime with which an accused is charged does not per se constitute plain error under Crim.R. 52(B)." *State v. Adams* (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144, paragraph two of the syllabus. The reviewing court must examine the record to determine whether the failure to instruct on every element prejudiced the appellant and created a manifest miscarriage of justice. Id. at 154.

{¶ 10} R.C. 2911.12(A)(1) states:

No person, by force, stealth, or deception, shall * * * [t]respass in an occupied structure or in a separately secured * * * portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit * * * any criminal offense.

A violation of R.C. 2911.11(A)(1) is a felony of the second degree. R.C. 2911.12(C). R.C. 2911.12(A)(4) states:

No person, by force, stealth, or deception, shall * * * [t]respass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.

A violation of R.C. 2911.12(A)(4) is a felony of the fourth degree. R.C. 2911.12(C).

{¶ 11} In its jury instructions, the trial court included a definition of burglary that tracked the statutory language of R.C. 2911.12(A)(1). It next defined the words "force," "stealth," "deception," "trespass," "occupied structure," "and purpose." The trial court further instructed the jury that if it found that the state did not prove the elements of second-degree felony burglary, the jury was to consider whether the state had proved fourth-degree felony burglary. Again, the instruction tracked the language of R.C. 2911.12(A)(4); however, the instructions did not include any definitions of the terms used in that section. Instead, the trial court stated: "The offense of Burglary R.C. * * * 2911.12(A)(4) is distinguished from Burglary R.C. * * * 2911.12(A)(1) by the absence or failure to prove the specific intent to commit a criminal offense." Snyder argues that the trial court should have also explained to the jury that R.C. 2911.12(A)(1) requires a trespass into an occupied structure, while R.C. 2911.12(A)(4) requires a trespass into a habitation. Snyder suggests that he was prejudiced by the trial court's instruction because it failed to alert the jury to the distinction between an "occupied structure" as required in R.C. 2911.12(A)(1) and a "permanent or temporary habitation" as used in 2911.12(A)(4). Further, he contends that had

the court provided a specific definition, the jury might have determined that the porch was not a permanent or temporary habitation and thus acquitted Snyder of the fourth-degree felony as well.

{¶ 12} It is undisputed that the trial court provided an instruction for fourth-degree felony burglary that tracked the language of R.C. 2911.12(A)(4). Snyder has not provided any legal authority suggesting that the trial court was required to separately define the term "habitation." See, e.g., *State v. Canter* (Mar. 26, 2002), 10th Dist. No. 01AP–531, 2002 WL 452461, at *2, citing *State v. Carter* (Nov. 14, 1991), 8th Dist. No. 59223, 1991 WL 238835, at *6 (holding that it is not plain error to fail to define a term in jury instructions if the term does not have special or technical meaning, but is a term of common meaning). Instead, Snyder essentially complains that the trial court committed plain error when it erroneously suggested that the two offenses differed only in one respect. While it is true that the trial court did not draw the jury's attention to the difference between the use of the terms "occupied structure" and "permanent or temporary habitation" as employed in R.C. 2911.12(A)(1) and 2911.12(A)(4), we are not convinced that Snyder suffered prejudice. Notably, Snyder has not provided a proposed definition of "permanent or temporary habitation," nor has he adequately distinguished its meaning from "occupied structure" so as to demonstrate how the outcome of the trial would have been different had the trial court distinguished a habitation from an occupied structure.

{¶ 13} We observe that the term "habitation" is not a word with special or technical meaning. Indeed, "habitation" is not defined in the Revised Code or by case law. When words in a statute are not defined, they are to be "construed according to the rules of grammar and common usage." R.C. 1.42. See also *Sliwinski v. Village at St. Edward*, 9th Dist. No. 24967, 2010-Ohio-3006, 2010 WL 2622936, at ¶ 12. Black's Law Dictionary defines "habitation" as "[a] dwelling place; a domicile." Black's Law Dictionary (8th Ed.2004) 729. Because the term "occupied structure" could include a dwelling as well as other structures, see R.C. 2909.01(C) (defining "occupied structure"), we cannot conclude that a manifest miscarriage of justice occurred when the trial court failed to define "habitation" when discussing the distinction between R.C. 2911.12(A)(1) and 2911.12(A)(4). Accordingly, Snyder's first assignment of error is overruled.

**Sufficiency**

{¶ 14} In his third assignment of error, Snyder contends that his conviction is not supported by sufficient evidence. He argues that the state failed to prove the elements of force, stealth, or deception and that a person was or was likely to be present when Snyder entered the enclosed porch.

{¶ 15} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. No. 24731, 2009-Ohio-6955, 2009 WL 5174082, at ¶ 18, citing *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the state. *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492. The state's evidence is sufficient if it allows the jury to reasonably conclude that the essential elements of the crime were proved beyond a reasonable doubt. Id.

{¶ 16} In order to convict Snyder of burglary pursuant to R.C. 2911.12(A)(4), the state was required to demonstrate that Snyder (1) used force, stealth, or deception, (2) to trespass, (3) in a permanent or temporary habitation, (4) when someone other than an accomplice of Snyder was present or likely to be present. We confine our analysis to the specific elements Snyder has identified in his merit brief.

{¶ 17} Snyder first argues that that state failed to establish that he used force to enter the porch area because there was no evidence that "crowbars, lock picks, or any other instruments" were used to gain access through the door and there was no noticeable damage to the doorjamb or door latch. "Force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). The state presented evidence that Snyder was inside the enclosed porch, which is accessed by means of a door. Eldridge testified that he always locked the door to the porch and that it was "not very probable" that it was unlocked the night of the incident.

{¶ 18} Snyder concedes that "[f]orce [has been defined] as any effort physically exerted[,]" as described in *State v. Lane* (1976), 50 Ohio App.2d 41, 4 O.O.3d 24, 361 N.E.2d 535. In *Lane,* the Tenth District Court of Appeals determined that the force element was satisfied upon presenting evidence that the defendant had entered a home through a closed but unlocked door. Id. at 46. In *State v. Miller,* this court adopted the reasoning in *Lane* and likewise determined that the force element was satisfied for an aggravated-burglary charge under R.C. 2911.11 when the defendant entered a home through a closed but unlocked front door. *State v. Miller* (Apr. 9, 1997), 9th Dist. No. 2584–M, 1997 WL 177683, at *4. We observe that other Ohio courts have also held that the element of force is satisfied if the evidence demonstrates that an offender opens a closed, unlocked door. *State v. Howard,* 8th Dist. No. 85500, 2005-Ohio-5135, 2005 WL 2386600, at ¶ 9, citing *State v. Austin,* 2nd Dist. No. 20445, 2005-Ohio-1035, 2005 WL 567305, at

¶ 17, overruled on sentencing grounds. See also *State v. Rollison,* 3rd Dist. No. 9–09–51, 2010-Ohio-2162, 2010 WL 1948358, at ¶ 23–24.

{¶ 19} Accordingly, we conclude that the state presented sufficient evidence of force, because it was reasonable for the jury to conclude that Snyder exerted a certain amount of physical effort to open the door, whether locked or unlocked.

{¶ 20} Next, Snyder contends that the state did not produce evidence that a person was or was likely to be present in the enclosed porch when Snyder entered. R.C. 2911.12(A)(4), however, does not specify that others must be present in the particular part of the habitation into which the offender enters. It provides that any person, other than an accomplice of the offender, must be present or likely to be present in the habitation itself. Snyder has not cited legal authority in support of his argument that his acts constituted a burglary only if the Eldridges were actually in the porch when he entered. Because the evidence demonstrated that Mr. and Mrs. Eldridge were in the home when Snyder entered the enclosed porch, the state carried its burden with respect to that element.

{¶ 21} The state presented sufficient evidence that Snyder used force to enter the Eldridges' home at a time when they were present. Snyder's argument that his conviction was based on insufficient evidence is not well taken. We overrule the third assignment of error.

**Criminal Trespass**

{¶ 22} In his second assignment of error, Snyder argues that the trial court erred by denying his request for an instruction on the lesser-included offense of criminal trespass.

{¶ 23} "Criminal trespass is a lesser included offense of burglary," *State v. Parker* (Apr. 19, 2000), 9th Dist. No. 98CA007216, 2000 WL 422374, at *3; however, the instruction on the lesser-included offense is not mandatory. *State v. Morris,* 9th Dist. No. 07CA0044–M, 2008-Ohio-3209, 2008 WL 2582879, at ¶ 5. "An instruction on a lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense." *State v. Carter* (2000), 89 Ohio St.3d 593, 600, 734 N.E.2d 345. In this case, the trial court did not entirely refuse to instruct the jury upon a lesser-included offense of burglary under R.C. 2911.12(A)(4). Snyder argues that the trial court incorrectly chose to instruct the jury on the lesser-included offense of burglary under R.C. 2911.12(A)(4), as opposed to criminal trespass. Thus, he argues that the evidence would reasonably support an acquittal on burglary as defined in R.C. 2911.12(A)(4) and a conviction for the lesser-included offense of criminal trespass.

{¶ 24} The elements of the lesser burglary offense as outlined above are: force, stealth, or deception; trespass, in a permanent or temporary habitation; when

another is or is likely to be present. R.C. 2911.12(A)(4). As set forth in the criminal-trespass statute, "[n]o person, without privilege to do so, shall * * * [k]nowingly enter or remain on the land or premises of another." R.C. 2911.21(A)(1). Specifically, Snyder contends that an essential element of R.C. 2911.12(A)(4) burglary is trespass in a permanent or temporary habitation and that the evidence would reasonably support an acquittal because the jury could have found that Snyder did not trespass in a habitation. In this regard, Snyder appears to suggest that the enclosed porch cannot constitute a habitation. However, he has failed to develop this argument and has not challenged the sufficiency of his conviction on this point. Snyder also argues that the question whether the porch where Snyder was observed was part of a permanent or temporary habitation should have been submitted to the jury, and hence the trial court should have instructed the jury on criminal trespass. However, this argument is not well taken. The jury necessarily deliberated upon all the elements of R.C. 2911.12(A)(4) in reaching its verdict. If the jury had determined that Snyder had not trespassed in a permanent or temporary habitation, it would have acquitted Snyder of R.C. 2911.12(A)(4) burglary.

{¶ 25} In examining the propriety of a criminal-trespass instruction, we observe that there is no conflict in the evidence such that a jury might weigh one version over another. For example, there was no evidence presented that Snyder simply trespassed outside the premises but did not enter the enclosed porch area. Indeed, the undisputed evidence before the jury was that at 3:30 a.m., Snyder was observed to be in the enclosed area of the porch. These facts fulfill the requirements of the offense of burglary under R.C. 2911.12(A)(4), and we thus conclude that the evidence does not reasonably support an acquittal on the burglary charge. Snyder's second assignment of error is overruled.

### III

{¶ 26} Snyder's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

<div align="right">Judgment affirmed.</div>

CARR and MOORE, JJ., concur.