[Cite as *State v. Robinson*, 2017-Ohio-20.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-247 |
| | | (C.P.C. No. 14CR-5061) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Jerron Robinson, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 5, 2017

**On brief:** *Brian J.Rigg,* for appellant.

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Barbara A. Farnbacher,* for appellee.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Jerron Robinson ("Robinson") appeals from a jury verdict finding him guilty of burglary, in violation of R.C. 2911.12. For the reasons set forth below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In April 2012, Roberto Delapaz lived with his wife and two children in a townhouse apartment at 1500 Wilkes Court in Columbus, Ohio, where they had lived for six or seven years. (Tr. at 28-29, 38.) Delapaz usually kept the doors and windows of the apartment locked. Because of the heat on April 12, 2012, he had opened the window, but forgot to lock it when shutting it before going to bed. *Id.* at 31-32. When Delapaz came down early the next morning, both the window and the front door were open. *Id.* at 34. A 62-inch television purchased only the day before, a smaller television, and his wife's purse were missing. *Id.* at 41-43. Delapaz called the police and an officer responded. Believing that the burglar had entered through the window and left through the front door, the

officer took several fingerprints from the open window. *Id.* at 33. A fingerprint technician for the Columbus Police Department later matched them to Robinson's fingerprints when testifying as the state's expert witness. *Id.* at 86.

{¶ 3} A grand jury indicted Robinson on one count of burglary under R.C. 2911.12. (Sept. 22, 2014 Indictment.) Robinson pled not guilty to the charge and went to trial. (Oct. 3, 2014 Plea.) Three witnesses testified for the state: Delapaz, the investigating officer, and the fingerprint technician. (Tr. at 2.) After the state rested its case, the defense called no witnesses, but moved the trial court for an acquittal under Crim.R. 29. *Id.* at 137. The trial court overruled the motion. *Id.* The jury returned a verdict of guilty and the trial court sentenced Robinson to three years of imprisonment. (Mar. 3, 2016 Jgmt. Entry.)

{¶ 4} Robinson now appeals, and asserts two assignments of error:

> 1. THE VERDICT OF GUILTY TO BURGLARLY IS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE.
>
> 2. THE COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL.

## II. FIRST ASSIGNMENT OF ERROR

{¶ 5} Two different legal standards apply to the legal sufficiency of the evidence and the manifest weight of the evidence, the issues raised by Robinson's first assignment of error. *See State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), paragraph two of the syllabus ("The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."). Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Jennings*, 10th Dist. No. 09AP-70, 2009-Ohio-6840, ¶ 37, citing *Thompkins* at 386. "[S]ufficiency is a test of adequacy." *Id.*, citing *Thompkins*. "The standard when testing the sufficiency of the evidence 'is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' " *State v. Beverly*, 143 Ohio St.3d 258, 2015-Ohio-219, ¶ 15, quoting *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, ¶ 70. A reviewing court "will not disturb a verdict on appeal on sufficiency grounds unless 'reasonable minds could not reach the conclusion

reached by the trier-of-fact.' " *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, ¶ 94, quoting *State v. Dennis*, 79 Ohio St.3d 421, 430 (1997).

{¶ 6}  The manifest weight of the evidence analysis, on the other hand, requires the appellate court to consider the state's evidence as an additional, or "thirteenth juror." *Thompkins* at 387. After "reviewing the entire record," the appellate court " 'weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' "  *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172 (1st Dist.1983). " 'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*, quoting *Martin.*

{¶ 7}  We turn first to Robinson's attack on the legal sufficiency of the state's evidence. Citing *State v. Miller*, 49 Ohio St.2d 198 (1977), Robinson argues that "every reasonable hypothesis exculpating the accused must be excluded" before circumstantial fingerprint evidence may be considered legally sufficient to support a conviction. Because "there are reasonable ways that [his] fingerprints could have been placed on a window on the ground floor in a busy apartment complex," Robinson believes that state's evidence against him was not legally sufficient to convict him. (Appellant's Brief at 6, 9-10.)

{¶ 8}  In *Miller*, the Supreme Court of Ohio accepted the following proposition of law offered by the defendant: "before fingerprint evidence may be used to support a conviction, such circumstantial evidence must exclude every other reasonable hypothesis except that of the defendant's guilt." *Miller* at 201. Applying this standard, Robinson's argument fails. A reasonable hypothesis requires some *reason* – some piece of evidence, for example – to elevate it from the realm of mere speculation. The question is not whether some possible scenario exists in which Robinson's fingerprints could have appeared on Delapaz's windowsill for reasons unrelated to a burglary. It is, of course, easy to conjure any number of such scenarios: if the apartment complex had, at some point, hired Robinson as a painter or landscaper; if he had delivered a package near the window; if, inebriated after visiting a friend in the complex, he had fallen and grabbed the windowsill to support himself. But none of these hypotheses are reasonable because there is no evidence in the record that suggests any of them ever happened. There was no other

explanation for the appearance of Robinson's fingerprints on the windowsill other than the one offered by the state. If no *reasonable* hypothesis exists other than the one offered by the state, there is nothing that the fingerprint evidence must "exclude" under the principle set forth in *Miller*.

{¶ 9} Regarding the legal sufficiency of the state's evidence to support each element of the offense, the jury convicted Robinson of burglary under R.C. 2911.12(A)(1). The statute states:

> No person, by force, stealth, or deception, shall:
>
> (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense

{¶ 10} A person trespasses when he enters the premises of another without privilege to do so. R.C. 2911.21(A)(1). This court defines "stealth" as " 'any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission.' " *State v. McBride*, 10th Dist. No. 10AP-585, 2011-Ohio-1490, ¶ 23, quoting *State v. Lane*, 50 Ohio App.2d 41 (10th Dist.1976). An "occupied structure" includes any building that "is maintained as a permanent or temporary dwelling." R.C. 2909.01(C)(1).

{¶ 11} Construing the evidence in the state's favor, a rational trier of fact could find that Robinson trespassed by stealth into the Delapaz family dwelling for the purpose of depriving the family of their property. When Delapaz went to bed, the window was unlocked and the door was locked, yet both were open when he awoke in the morning and found the items missing. A rational jury could find that the window was the only way into the apartment, and that a person had engaged in the clandestine act of entering the Delapaz family dwelling while they slept by opening the window and climbing in. It would also be rational to infer that the person did so with the intent to commit theft, thereby depriving the family of their property, because the televisions and purse were missing in the morning.

{¶ 12} Finally, it would be rational for a trier of fact to conclude that the person in question was Robinson. There were three fingerprints lifted by the examining officer from the Delapaz's window and placed on the state's evidence card. (Ex. A.) The state's fingerprint technician testified that the first lift contained prints of a left index, middle, and ring fingers, and the index print matched the records of Robinson's prints. (Tr. at 94-95 & 97.) Another fingerprint lifted matched Robinson's thumb. *Id.* at 97. Robinson stipulated that the prints identified as his on the state's evidence card belonged to him. *Id.* at 15 & 87. The investigating officer testified that, in his experience, a smudged print indicates the person was either pushing up or down. *Id.* at 77. The fingerprint technician also testified that rain or other environmental factors can get rid of fingerprints, but that other than being "a little faint" on the card prepared by the officer, there was no indication of their environmental degradation. *Id.* at 101-02.

{¶ 13} Based on the foregoing, a jury could rationally infer that Robinson had recently placed his hand on the Delapaz's window, applied force, opened it, and entered without privilege to deprive the family of their property. We note that the state may rely on circumstantial evidence to prove its case, and " '[c]ircumstantial evidence and direct evidence inherently possess the same probative value.' " *State v. Koss*, 10th Dist. No. 13AP-970, 2014-Ohio-5042, ¶ 62, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Accordingly, we conclude that the evidence was legally sufficient to convict Robinson of burglary under R.C. 2911.21.

{¶ 14} The state argues that Robinson's merit brief fails to present any separate argument challenging the manifest weight of the state's evidence. (Appellee's Brief at 9.) To the extent that Robinson's criticism of the state's witness can be interpreted as presenting a manifest weight challenge, we find it to be without merit. The fact that the investigating officer did not take prints from other areas of the residence, or that the fingerprint technician could not say exactly when the fingerprints had been taken, did no damage to the state's case. (Appellant's Brief at 7-8.) Prints from other areas of the house would be irrelevant, as the window had been identified as the site of entry. Furthermore, as discussed, the jury could reasonably infer that Robinson had recently placed his hand on the Delapaz's window.

{¶ 15} Our review of the record results in no finding that the evidence or the inferences made from them lacked the weight necessary to convict Robinson. *Thompkins* at 387. Furthermore, he identifies no issue concerning the credibility of the state's witnesses or conflicts in its evidence. *Id.* There is no indication that the jury lost its way in this case. *Id.* The first assignment of error is overruled.

## III. SECOND ASSIGNMENT OF ERROR

{¶ 16} Robinson's second assignment of error asserts that the trial court erred when it denied his motion for acquittal under Crim.R. 29. He argues that the motion should have been granted because the evidence was legally insufficient to sustain his conviction for burglary. Because he presents no other argument other than one we addressed and rejected when considering the first assignment of error, the second assignment of error is overruled as well.

## IV. DISPOSITION

{¶ 17} Having overruled both assignments of error, we affirm Robinson's conviction for burglary under R.C. 2911.12.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____