JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Merle Cunningham ("Cunningham") appeals his convictions after a trial to the bench in the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. On February 8, 2004, the victim, Donzell Shy ("Shy"), and Cunningham lived together. Shy was in the bedroom getting dressed when Cunningham entered asking whether Shy planned to do the laundry. Shy said "no." Cunningham grabbed Shy by the sweater and told him to leave. A "tussle" ensued, wherein Cunningham punched Shy in the nose, causing it to bleed. A third party, Billy Scott ("Scott"), told them to stop fighting and grabbed Cunningham, taking him into the hallway. While Shy attempted to retrieve his belongings, Cunningham grabbed a hammer and hit Shy in the back of the head. Shy left and was eventually treated at the hospital where he received several stitches.
 {¶ 3} Cunningham took the stand in his defense and admitted starting the physical altercation, admitted punching Shy in the face, and admitted hitting him in the head with the hammer. Cunningham testified that he was upset that Shy would not leave and felt that Shy was provoking him.
 {¶ 4} Cunningham was charged with two counts of felonious assault in violation of R.C. 2903.11 and one count of domestic violence in violation of R.C. 2919.25. Cunningham pled not guilty, waived a jury, and was tried to the bench. The court found Cunningham guilty of all three counts.
 {¶ 5} Cunningham appeals his conviction, advancing two assignments of error for our review. The first assignment of error reads as follows:
 {¶ 6} "The trial [court] was without jurisdiction to conduct a bench trial because the requirements of R.C. 2945.05 were not strictly followed."
 {¶ 7} First, Cunningham argues that the written jury waiver was made prior to the convening of court and that he merely acknowledged his previous signing in open court. Cunningham argues that this does not strictly comply with the requirements of R.C. 2945.05.
 {¶ 8} Second, Cunningham argues the trial court's journal entry memorializing the jury waiver was not filed before trial began. Trial began on June 2. The record reflects that the journal entry was filed on June 2, but the time is not indicated.
 {¶ 9} We addressed these same issues in State v. Hicks, Cuyahoga App. No. 83981, 2004-Ohio-5223. Hicks argued that the trial court lacked jurisdiction to hear the case because the jury waiver was defective. Hicks claimed that it was defective because it was not signed in open court and it was not journalized prior to trial. We disagreed, reiterating that "this Court has held that it is not necessary that the waiver be signed in open court to be valid so long as the trial court engages in a colloquy with the defendant extensive enough for the trial judge to make a reasonable determination that the defendant has been advised and is aware of the implication of voluntarily relinquishing a constitutional right." Id., quoting State v. Huber, Cuyahoga App. No. 80616, 2002-Ohio-5839, citing State v. Ford, Cuyahoga App. Nos. 79441 and 79442, 2002-Ohio-1100. Furthermore, we explained that "the critical issue is not whether the filing occurred prior to the start of trial, but whether the filing ever occurred." (Emphasis in original.) Id., quotingState v. Bryant, Cuyahoga App. No. 79841, 2002-Ohio-2136.
 {¶ 10} In the instant case, Cunningham signed the jury waiver form prior to the hearing. At the hearing, the court addressed Cunningham about the signed waiver. When Cunningham indicated that he understood but had read the waiver only briefly before signing it, the court read the waiver in its entirety and then inquired if he understood or had any questions. The court then went on to explain the rights he was waiving and inquired whether he was induced into signing the waiver. Cunningham acknowledged he understood, he was not pressured into signing the waiver, and he still chose to waive the jury.
 {¶ 11} That same day, the trial court filed the jury waiver with the clerk of courts. The fact that it was not journalized until a few days later is of no consequence. As long as the waiver was in writing, signed, filed, and made part of the record, it is a valid waiver.
 {¶ 12} Cunningham's first assignment of error is overruled.
 {¶ 13} Cunningham's second assignment of error states:
 {¶ 14} "The manifest weight of the evidence supported a conviction for aggravated assault, R.C. 2903.12, rather than for felonious assault, R.C. 2903.11."
 {¶ 15} Cunningham contends that there was sufficient evidence of serious provocation to reduce the felonious assault to an aggravated assault and that a conviction for felonious assault is against the manifest weight of the evidence.
 {¶ 16} When reviewing a claim challenging the manifest weight of the evidence, we are directed as follows: "`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins, 78 Ohio St.3d at 387, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175. A reviewing court will not reverse a verdict when the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169. Furthermore, the power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. State v. Martin,20 Ohio App.3d 172, 175.
 {¶ 17} Aggravated assault contains the same elements as felonious assault except for the additional mitigating element of serious provocation. In State v. Rhodes (1992), 63 Ohio St.3d 613, the Supreme Court of Ohio held that the defendant bears the burden of persuading the fact finder, by a preponderance of the evidence, that he or she acted under serious provocation.
 {¶ 18} The Supreme Court of Ohio has held that provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. State v. Deem (1988), 40 Ohio St.3d 205. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time. Id. It must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control. State v. Shane (1992), 63 Ohio St.3d 630.
 {¶ 19} The testimony reveals that Cunningham initiated the altercation. Cunningham punched Shy in the face. Cunningham and Shy were separated by a third person. There was a lapse of time before Cunningham retrieved the hammer and hit Shy in the back of the head, requiring several stitches. Shy never saw it coming.
 {¶ 20} The record reflects that the trial court took into consideration all of the testimony and surrounding circumstances and still concluded that there was insufficient evidence that Cunningham was provoked into using deadly force.
 {¶ 21} Cunningham argues that he was provoked by Shy because the victim refused to leave the apartment. Even if it is to be believed that Shy refused to leave the apartment, this is not sufficient provocation to cause an ordinary person to lose control and use deadly force. The trial court correctly found Cunningham guilty of felonious assault and not aggravated assault.
 {¶ 22} Cunningham's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J., and Karpinski, J., Concur.