JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Roydell Stewart ("Stewart") appeals his conviction. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2004, Stewart was charged with burglary. In March 2005, the matter proceeded to a bench trial, at which Stewart was tried with his brothers, Roderick and Robert Stewart. See Statev. Roderick Stewart (Feb. 23, 2006), Cuyahoga App. No. 86411;State v. Robert Stewart, Cuyahoga App. No. 86397. Stewart was convicted and sentenced to six months in prison.
 {¶ 3} The following facts were presented at trial. The victim, Vancetta Sparks ("Sparks"), lived in an apartment on Union Avenue in Cleveland. She was in her fifties and suffered from schizophrenia and depression. She met eighteen-year-old Stewart and his brothers at a party in her apartment in December 2003.
 {¶ 4} Sparks lived alone, but after the December party, her apartment was constantly filled with young men. Stewart, his brothers, and their friends would show up at her apartment every day. The young men would "commandeer" her apartment, play video games, use her phone, prepare crack cocaine for sale, and gamble. They would also damage items in her home and extinguish cigarettes on the floor. When the young men came to her home, she would tell them to leave, but they refused and referred to her apartment as a "crack house." She occasionally called the police, but the men would leave before the police arrived. Sparks identified Stewart's brother Roderick as the person who had destroyed several items in her home.
 {¶ 5} On April 4, 2004, Sparks awoke to find fifteen young men in her apartment. When she went to sleep the previous night, only one person had permission to spend the night. Sparks again ordered everyone to leave. Roderick told her that the group was not going anywhere because her apartment was a crack house. Sparks called the police from her basement.
 {¶ 6} When the police arrived, they noticed someone locking the front door. They went around to the side door and saw that it was partially open. Officer Stockwell of the Cleveland Police Department observed Sparks in her kitchen along with several young men. Sparks appeared reluctant to answer the officer's questions and initially denied calling the police. Officer Stockwell took Sparks outside to speak to her privately. He called for backup, and the police arrested eight young men, including Stewart and his brothers.
 {¶ 7} Stewart appeals his conviction, raising two assignments of error. In his first assignment of error, he argues that the trial court was without jurisdiction to proceed to trial without a jury because the court failed to follow the dictates of R.C.2945.05.
 {¶ 8} R.C. 2945.05 provides:
"In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: `I . . . . . ., defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'
Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."
 {¶ 9} First, Stewart argues that the trial court's journal entry memorializing the jury waiver was not filed before trial began on March 14. The clerk's stamp on the journal entry indicates it was filed the same day, but the actual time of filing is not indicated.
 {¶ 10} Second, Stewart argues the written jury waiver was made prior to the convening of court and that he only acknowledged his previous signing in open court. This, Stewart argues, fails to strictly comply with the requirements of R.C.2945.05.
 {¶ 11} We addressed these same issues in State v. Hicks,
Cuyahoga App. No. 83981, 2004-Ohio-5223 and State v.Cunningham, Cuyahoga App. No. 84960, 2005-Ohio-3007. In Hicks,
supra, the appellant argued that the trial court lacked jurisdiction to hear the case because the jury waiver was defective. Hicks claimed that it was defective because it was not signed in open court nor was it journalized prior to trial. We disagreed, reiterating that:
"This Court has held that it is not necessary that the waiver be signed in open court to be valid so long as the trial court engages in a colloquy with the defendant extensive enough for the trial judge to make a reasonable determination that the defendant has been advised and is aware of the implication of voluntarily relinquishing a constitutional right."
Id., quoting State v. Huber, Cuyahoga App. No. 80616, 2002-Ohio-5839; State v. Ford, Cuyahoga App. Nos. 79441 and 79442, 2002-Ohio-1100. "The critical issue is not whether the filing occurred prior to the start of trial, but whether the filing ever occurred." Id., quoting State v. Bryant, Cuyahoga App. No. 79841, 2002-Ohio-2136.
 {¶ 12} Stewart signed the jury waiver form prior to the hearing. At the hearing, the court addressed Stewart in regard to the signed waiver. The trial court read the waiver in its entirety and inquired if the signature on the form was indeed Stewart's. The court then asked Stewart if he understood the implications of the waiver and if he still wanted to proceed without a jury.
 {¶ 13} The trial court filed the jury waiver with the clerk's office that same day. It is of no consequence that the journal entry was not processed for a few days. As long as the waiver was in writing, signed, filed, and made part of the record, it is a valid waiver. Cunningham, supra. Therefore, Stewart's first assignment of error is overruled.
 {¶ 14} In his second assignment of error, Stewart argues that his conviction was against the sufficiency of the evidence because the State failed to show any evidence of force, stealth, or deception.
 {¶ 15} A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. State v.Thompkins, 78 Ohio St.3d 380, 390, 1997-Ohio-52, 678 N.E.2d 541. On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 16} Stewart was charged with burglary, pursuant to R.C.2911.12(A)(4), which provides that "no person, by force, stealth, or deception, * * * shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."
 {¶ 17} Stewart argues that there was no evidence that he trespassed by "force, stealth, or deception." The court found that the prior threats of force were sufficient to satisfy the element of force. Even if the prior threats of force were insufficient in the instant case, we find that Stewart gained access through stealth. Stealth is not defined in the Revised Code as it relates to burglary. In the absence of a definition of stealth in Title 29 that applies to the elements of burglary, the term is to be given its ordinary and common meaning by the fact finder in the context that it is used. Baker v. Powhatan MiningCo. (1946), 146 Ohio St. 600, 67 N.E.2d 714, paragraph three of the syllabus.
 {¶ 18} Ohio courts have defined "stealth" as "any secret, sly or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission."State v. Sims, Cuyahoga App. No. 84090, 2005-Ohio-1978, ___ 5. We find that there was sufficient evidence that Stewart secretly entered Sparks' home after she went to sleep. Sparks had told Stewart many times that he was not allowed in her apartment. Stewart gained access to the apartment while Sparks was asleep and refused to leave after Sparks discovered he was in the apartment and asked him to leave.
 {¶ 19} We also find that there was sufficient evidence that Stewart trespassed in Sparks's apartment. A "criminal trespass" is defined by R.C. 2911.21, which provides in pertinent part:
"(A) No person, without privilege to do so, shall * * *:
(1) [k]nowingly enter or remain on the land or premises of another; * * *."
 {¶ 20} In State v. Powell (1991), 59 Ohio St.3d 62, 63,571 N.E.2d 125, the Ohio Supreme Court found the language of the criminal trespass statute to be dispositive. The crime of aggravated burglary, the court held, continues so long as the defendant remains in the structure being burglarized because the trespass by the defendant has not been completed until his departure. Id., see also, State v. Davis, Cuyahoga App. No. 83033, 2004-Ohio-1908. The Court's reasoning extends to the lesser crime of burglary because burglary also requires a criminal trespass. A person who initially has consent to enter another's home may subsequently become a trespasser if consent is withdrawn. State v. Holloway (1988), 38 Ohio St.3d 239,527 N.E.2d 831.
 {¶ 21} The trial judge, as the trier of fact, is able to justifiably infer from the facts that Sparks terminated any privilege Stewart may have had to be in the apartment when she told him to leave. See State v. Clark (1991),74 Ohio App.3d 151, 161, 598 N.E.2d 740. Stewart testified that no one had permission to be in her apartment that day, except for one overnight guest. The exact manner by which Stewart gained access to the apartment is unclear. Even if someone with authority allowed Stewart into Sparks' apartment, Sparks testified that she asked him to leave, and he refused. We find that any permission Stewart may have had to be in the apartment was negated the moment Sparks told him to leave. This finding is further supported by the evidence that Sparks was afraid of Stewart and his brothers and had asked them to leave every time she found them in her apartment.
 {¶ 22} Therefore, viewing the evidence in the light most favorable to the prosecution, we find that there was sufficient evidence of burglary to submit to the fact finder.
 {¶ 23} Therefore, the second assignment of error is overruled.
 {¶ 24} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J. and Kilbane, J. concur.