[Cite as *State v. Lambert*, 2013-Ohio-4187.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99238**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LATIA DENEICE LAMBERT

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-561000

**BEFORE:** Rocco, J., Stewart, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 26, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Public Defender
By: Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: John Patrick Colan
Assistant County Prosecutor
Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Latia Deneice Lambert appeals from her conviction for felonious assault. Lambert argues that the conviction was against the manifest weight of the evidence. She asserts that the evidence presented at trial established only that Lambert committed the inferior degree offense of aggravated assault. We conclude that the evidence supported the felonious assault conviction, and so we affirm the trial court's final judgment.

{¶2} Lambert was charged with two counts of felonious assault under R.C. 2903.11(A)(1) and 2903.11(A)(2) for throwing a bottle at the victim, Rashidta Kimble. Lambert was offered, but did not accept, an opportunity to plead guilty to aggravated assault. The case then proceeded to a bench trial. The only witnesses who testified were Kimble and Lambert.

{¶3} Both women testified that they had been physically and verbally arguing with one another prior to Lambert throwing the bottle at Kimble. Kimble testified that the bottle hit her on the side of her face and the middle of her head. As a result, Kimble required hospitalization, receiving several stitches. The injuries resulted in scarring. Kimble testified that she did not threaten Lambert with any weapons at any time. Lambert testified that she did not intend to hurt Kimble when she threw the bottle. She stated that she only wanted Kimble to "stop attacking her." Tr. 69.

{¶4} The trial court found Lambert guilty on both counts of felonious assault and determined that the counts should merge. The prosecution elected to go forward with count one under R.C. 2903.11(A)(1). Lambert was sentenced to one year of probation. Lambert now appeals presenting a single assignment of error for our review:

The felonious assault conviction is against the manifest weight of the evidence.

**{¶5}** In reviewing a claim challenging the manifest weight of the evidence, our task is to review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. We must then determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We "will not reverse a verdict when the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt." *State v. Cunningham*, 8th Dist. Cuyahoga No. 84960, 2005-Ohio-3007, ¶ 16, citing *State v. Eley*, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978). A reviewing court should grant a new trial only in the exceptional case where the evidence weighs heavily against the conviction. *Thompkins* at 387.

**{¶6}** Lambert was convicted for felonious assault under R.C. 2903.11(A)(1), which provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another * * *." "Aggravated assault contains the same elements as felonious assault except for the additional mitigating element of serious provocation." *Cunningham* ¶ 17. It is the defendant's burden to demonstrate, by a preponderance of the evidence, that he or she acted under serious provocation. *Id.*, citing *State v. Rhodes*, 63 Ohio St.3d 613, 590 N.E.2d 261 (1992).

{¶7} On appeal, Lambert does not deny that the state proved the elements of felonious assault. Rather, Lambert argues that the evidence presented at trial established that Kimble seriously provoked her, and that Lambert threw the bottle at Kimble under the influence of sudden passion. Because Lambert was seriously provoked, she argues that the trial court lost its way in finding her guilty of felonious assault, and that she was guilty only of aggravated assault. We disagree.

{¶8} Serious provocation is defined as that which is "'reasonably sufficient to bring on extreme stress and * * * reasonably sufficient to incite or to arouse the defendant into using deadly force.'" *Id.* at ¶ 18, quoting *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988). "In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time." *Id.*, quoting *Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294. The provocation "must be sufficient to arouse the passions of an ordinary person beyond the power of his or her control." *Id.*, quoting *State v. Shane*, 63 Ohio St.3d 630, 590 N.E.2d 272 (1992).

{¶9} According to Lambert, the two and a half hour argument between her and Kimble was objectively sufficient to induce a sudden passion or fit of rage. She asserts that Kimble was "aggressive" during the argument, that Kimble had gotten into Lambert's face, that Kimble had hit Lambert "with her fist," that they had both been "grabbing each other [and] pulling each other's hair," and that the other two people in the apartment had trouble breaking up the initial physical altercation. Lambert states that when she threw

the bottle at Kimble, she was acting out of desperation; she was physically and emotionally spent after a lengthy confrontation during which she perceived Kimble as attacking her, and she felt trapped and unsafe.

{¶10} But despite Lambert's characterization of events, the evidence reveals that Kimble was not seriously provoking Lambert when Lambert threw the bottle. Kimble testified that the two began verbally arguing, that Kimble got into Lambert's face, and then Lambert pushed Kimble in the chest. The two tussled for a few minutes until the two other occupants of the apartment, Janelle and China, broke up the fight. After the initial physical altercation, Kimble told Lambert to leave Kimble's apartment, but Lambert refused. The two continued to verbally argue about whether Lambert would leave. Lambert testified that she refused to leave because she had nowhere to go with her infant son. Eventually, the argument escalated again. Janelle was holding back Kimble and China was holding back Lambert. It was at this point that Lambert threw the bottle at Kimble.

{¶11} On these facts, Lambert has failed to demonstrate that she acted under serious provocation. Lambert was the first person to get physical when she initially pushed Kimble in the chest. After that initial physical conflict ended, Lambert refused to leave Kimble's apartment. Importantly, at the time that Lambert threw the bottle at Kimble, Kimble was physically restrained: Kimble was not physically attacking or otherwise approaching Lambert. Furthermore, although the entire incident occurred over a period of two and a half hours, the conflict was intermittent during that period.

Lambert testified that she and Kimble had an opportunity to "chill" between the first physical altercation and the incident that culminated in Lambert throwing the bottle.

**{¶12}** Lambert failed to establish that Kimble's behavior toward her constituted provocation that was reasonably sufficient to incite Lambert into using deadly force. Accordingly, the felonious assault conviction was not against the manifest weight of the evidence. We overrule the sole assignment of error.

**{¶13}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, A.J., and
EILEEN T. GALLAGHER, J., CONCUR