JOURNAL ENTRY and OPINION
{¶ 1} Appellant, James Clark ("appellant"), appeals his conviction of domestic violence in violation of R.C. 2919.25(A). Appellant's sole assignment of error is that the trial court erred in finding that he had the requisite intent necessary to be found guilty of domestic violence. For the following reasons, we affirm appellant's conviction.
 {¶ 2} On August 18, 2002, appellant's wife, Florence Clark ("Mrs. Clark"), told her husband and her daughter, Darrah, not to drink the Gatorade or the cherry juice that was in the refrigerator. Mrs. Clark went outside to do yard work and returned inside to find that both the bottles of Gatorade and the cherry juice were nearly empty. Mrs. Clark became very upset, yelled at appellant, and began to cry. When appellant called out to Darrah to bring him his beer, Mrs. Clark yelled out she was saving the beer for use in cooking, but appellant went into the kitchen to grab himself the beer and took it to the breakfast nook to drink it.
 {¶ 3} Mrs. Clark then went into the kitchen, opened up the refrigerator, pulled out all the beverages, and began pouring the beverages down the drain in the sink. Appellant abruptly came into the kitchen, yelled at his wife, grabbed her wrist, and pressed his thumb on her wrist until she was forced to let go of the bottle she was holding. Mrs. Clark suffered a bruise on her wrist.
 {¶ 4} After Mrs. Clark was forced to let go of the bottle she was holding, appellant pushed his way between her and the sink, grabbed the back of her shirt, made a fist, cocked his arm, and punched her directly above her left breast. Mrs. Clark suffered a bruise on her chest above her left breast. Immediately thereafter, both appellant and his wife were surprised at what had just occurred and appellant told his wife that he did not mean to punch her.
 {¶ 5} For the next two days, Mrs. Clark was very upset and depressed and felt trapped. She remained upstairs in her room, coming out of the room to get something to eat, and also going to the bank to attempt to withdraw money to leave. Mrs. Clark was unable to withdraw the $51,000 from the joint bank account she shared with her husband because he had already withdrawn virtually all of the money, leaving her approximately $100 to go to McDonald's for something to eat. Mrs. Clark told Darrah what happened and she also telephoned her other daughter, Jennifer, who lived in Chicago and told her about the incident.
 {¶ 6} The police were contacted two days after the incident by Jennifer. The police arrived at the house, spoke with Mrs. Clark, and placed appellant under arrest for domestic violence. The police also took Mrs. Clark down to the police station to take photographs of her bruises, which photographs were admitted into evidence at trial.
 {¶ 7} The gravamen of appellant's appeal is that the state failed to prove that appellant "knowingly" caused physical harm to his wife as Mrs. Clark knew that he did not mean to punch her. As testified by Mrs. Clark, although appellant did not inadvertently touch his wife when he grabbed her wrist, pressed his thumb into her wrist, and punched her in the chest, she testified that she did not believe that appellant meant to hurt her. She further testified that the punch was more of an "impulse thing" because he seemed very surprised that he actually punched her. However, appellant's reaction is immaterial when determining if he had the requisite intent to "knowingly" cause physical harm to his wife when he was aware that punching his wife would cause her physical harm.
 {¶ 8} R.C. 2919.25(A), domestic violence, provides as follows:
 {¶ 9} "No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 10} "Knowingly," is defined in R.C. 2901.22(B) as follows:
 {¶ 11} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 12} To determine whether appellant acted "knowingly," his state of mind must be determined from the totality of circumstances surrounding the alleged crime. State v. Cureton,
Medina App. No. 01CA3219-M, 2002-Ohio-5547, citing State v.Dorsey (Feb. 13, 1991), Lorain App. 90CA004796. Although appellant would like this court to believe that he punched his wife accidentally or even in self defense, the totality of the circumstances suggest otherwise. For instance, both appellant and Mrs. Clark testified that there were marriage problems and that on the day the incident occurred, appellant and Mrs. Clark were fighting. There was also a stipulation that appellant had a prior conviction of domestic violence against Mrs. Clark.
 {¶ 13} Appellant knew his wife was upset about the Gatorade and the cherry juice and agreed that he abruptly approached her at the sink and yelled at her in an angry tone. Appellant does not dispute that he tried to force his wife to drop the bottles she was pouring into the sink by pressing his thumb into her wrist, causing her to bruise. Although appellant claims that he struck his wife to defend himself when his wife looked like she was about to "tear into him," he agrees that he made a fist and punched his wife in the chest, causing her to bruise. Indeed, the photographs admitted into evidence show the two bruises that Mrs. Clark sustained. Simply because both appellant and Mrs. Clark were surprised that appellant actually punched his wife does not render the punch an accident or one that was done unknowingly under R.C. 2901.22(B).
 {¶ 14} Because it is immaterial what appellant's reaction was after he punched his wife in order for the trier of fact to conclude that he knowingly caused physical harm to her, appellant's argument that he did not mean to punch her is without merit. The fact remains that appellant did punch his wife. Thus, the trial court did not err in finding that appellant knowingly caused physical harm to his wife.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and McMonagle, J., Concur.