**The STATE of Ohio, Appellee,**

v.

**DOWELL, Appellant.**

[Cite as *State v. Dowell,* 166 Ohio App.3d 773, 2006-Ohio-2296.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 86517.

Decided May 11, 2006.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Kevin R. Filiatraut, Assistant Prosecuting Attorney, for appellee.

Leif B. Christman, for appellant.

ANN DYKE, Administrative Judge.

{¶ 1} Defendant, Lovaneous Dowell, appeals from his conviction for burglary. For the reasons set forth below, we affirm the conviction but vacate the sentence and remand for resentencing.

{¶ 2} On March 17, 2005, defendant was indicted for one count of burglary. Defendant pleaded not guilty, and the matter proceeded to a jury trial on May 3, 2005.

{¶ 3} The state presented the testimony of homeowner Lincoln Haughton and Cleveland Heights police detective David Bartee.

{¶ 4} Haughton testified that on January 31, 2005, at approximately 3:00 p.m., he had completed errands and was returning to his home on Chelsea Drive in Cleveland Heights. As he drove into the garage, which is attached to the house and separated by a glass door, he observed a light blue car. Haughton remained in the car for approximately 15 minutes and finished a telephone call. The blue car subsequently pulled into the end of his driveway and then backed out. Defendant entered the garage and reached for a battery charger. Haughton yelled at the man and honked the horn. Defendant then ducked down on the other side of the car. Haughton became concerned that defendant had remained in the garage and did not run out. The driver of the blue car ducked down.

{¶ 5} Haughton backed out of the garage and continued to scream for the man to leave. Defendant came to the front of Haughton's car and asked to talk to Haughton. Haughton drove away and called the police.

{¶ 6} Detective Bartee testified that he responded to a call of a burglary in progress. Bartee obtained the description of the suspect and drove to Chelsea Drive and spotted defendant walking on Monticello Boulevard. Detective Bartee arrested defendant and advised him of his rights. Defendant told Bartee that men were chasing him and were about to rob him, so he fled to Haughton's garage and hid there.

{¶ 7} The defendant was convicted of the offense and was sentenced to eight years' imprisonment plus community control. Defendant now appeals and assigns four errors for our review.

{¶ 8} Defendant's first assignment of error states:

{¶ 9} "The Appellant's conviction for burglary is not supported by sufficient evidence where the government failed to produce any evidence that the Appellant acted by means of stealth, force or deception."

{¶ 10} " ' "[S]ufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' " *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed. 1990) 1433. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if

believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.

{¶ 11} The elements of burglary are contained in R.C. 2911.12 which provides:

{¶ 12} "No person, by force, stealth, or deception, shall * * * [t]respass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."

{¶ 13} As an initial matter, we note that an attached garage meets the requirements of a permanent or temporary habitation.

{¶ 14} "[A]n attached garage with a door to the outside is sufficiently part of a residential structure that persons are reasonably likely to be present at any time of day, so that a trespass [into the garage] * * * involves the inherent danger to the public with which the General Assembly was concerned when it enacted the [burglary] statute." *State v. Wells* (Jan. 19, 1994), Greene App. No. 92–CA–122, 1994 WL 12461. See, also, *State v. Ward* (1993), 85 Ohio App.3d 537, 620 N.E.2d 168.

{¶ 15} With regard to the issue of stealth, we note that *Ward* stated:

{¶ 16} "There is no definition of 'stealth' provided in the Revised Code. However, * * *[the Ohio Supreme Court in *State v. Lane* (1976), 50 Ohio App.2d 41, 47, 4 O.O.3d 24, 361 N.E.2d 535, 540] has indicated a proper definition of 'stealth,' and one by which the average person would understand the word, to be 'any secret, sly or clandestine act to avoid discovery and to gain entrance into *or to remain within a residence of another without permission.*' " (Emphasis added). See, also, *State v. Stewart*, Cuyahoga App. No. 86396, 2006-Ohio-1072, 2006 WL 562197; *State v. Stone* (Nov. 10, 1999), Tuscarawas App. No. 1999AP030012, 1999 WL 1072199.

{¶ 17} Ward also noted that this definition was adopted within Black's Law Dictionary (6th Ed.1990) 1413.

{¶ 18} Defendant notes that in *State v. Howard*, Cuyahoga App. No. 85500, 2005-Ohio-5135, 2005 WL 2386600, and *State v. Isom* (Nov. 29, 2001), Cuyahoga App. No. 78959, 2001 WL 1671432, this court determined that the absence of evidence going to the element of stealth mandated reversal of the convictions.

{¶ 19} In *Howard*, this court reversed the defendant's conviction for an aggravated burglary conviction where the evidence did not indicate the manner in which the defendant made entry and did not demonstrate that he entered through force, stealth, or deception. In *Isom*, this court reversed a conviction for burglary where the evidence demonstrated that defendant was observed in the

garage but did not demonstrate that he entered through force, stealth, or deception.

{¶ 20} We find these cases distinguishable from this matter, however. In this case, Lincoln Haughton testified that defendant walked into the open garage while Haughton remained in the car talking on his cell phone. Haughton honked the horn, and defendant then ducked down and did not leave the garage. Accordingly, we believe that ducking down was a secret, sly, or clandestine act and that a rational jury could therefore conclude that defendant used stealth to remain in the garage without permission. We conclude that the record supports the conviction for burglary.

{¶ 21} This assignment of error is without merit.

{¶ 22} Defendant's remaining assignments of error are related and state:

{¶ 23} "The trial court erred in imposing the maximum available term of incarceration without making the required factual finding and explaining its reasons in support of the finding."

{¶ 24} "The Appellant has been deprived of his liberty without due process of law and of his constitutional right to a trial by jury by the maximum sentence imposed on him, for the reason that a jury did not find the facts which supported the imposition of a maximum sentence."

{¶ 25} "The trial court erred in sentencing Mr. Dowell to a term of incarceration beyond the minimum where Mr. Dowell did not admit to serving a prior term of incarceration and the fact was not found beyond a reasonable doubt by a jury."

{¶ 26} In *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, the United States Supreme Court held that the defendant's sentence violated his Sixth Amendment right to trial by jury because a jury did not find the facts that permitted an "exceptional" sentence.

{¶ 27} In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Supreme Court of Ohio held that certain aspects of Ohio's felony sentencing plan are unconstitutional when measured against the Sixth Amendment principles established in *Blakely*. In particular, the court held that R.C. 2929.14(C), which sets forth findings that a trial court must make in order to justify the imposition of a maximum term of imprisonment, does not comply with *Blakely*. The court then severed this provision, along with others,[1] from the sentencing scheme and held that judicial fact-finding is no longer required before the imposition of consecutive prison terms or maximum terms. Instead, the trial

---

**1.** *Foster* held that the following statutory sections are unconstitutional: R.C. 2929.14(B), (C), (D)(2)(b), (D)(3)(b), and (E)(4); R.C. 2929.19(B)(2); and R.C. 2929.41(A).

court is vested with discretion to impose such term. In this connection, the trial court must "carefully consider the statutes that apply to every felony case [including] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender [and] statutes that are specific to the case itself." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 28} *Foster* noted, however, that where the defendant's sentence is based upon an unconstitutional statute (i.e., including one defendant with a maximum sentence) and such case is pending on direct review, the sentence is deemed void, and the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing.

{¶ 29} In accordance with all of the foregoing, we conclude that defendant's sentence of a maximum term of imprisonment pursuant to R.C. 2929.14(C) is void and must be vacated. The matter is vacated and remanded for resentencing.

{¶ 30} The conviction is affirmed, but the sentence is vacated, and the matter is remanded for resentencing.

Judgment affirmed in part<br>
and reversed in part,<br>
and cause remanded.

ROCCO and CORRIGAN, JJ., concur.