JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Paris Tate ("defendant"), appeals his conviction for felonious assault. For the reasons that follow, we affirm.
 {¶ 2} Defendant was indicted on charges of felonious assault, attempted aggravated vehicular assault, and domestic violence. The trial court granted defendant's motion for acquittal on the charge of aggravated vehicular assault. At the conclusion of the bench trial, the court found defendant guilty of felonious assault but not guilty of the domestic violence charge. The trial court imposed a two-year prison sentence on defendant.
 {¶ 3} Defendant asserts his conviction is based on insufficient evidence and/or is against the manifest weight of the evidence.
 {¶ 4} Renay Ramsey testified as follows: She and defendant have two children together but are no longer romantically involved. On April 7, 2005, defendant confronted her at a gas station in Cleveland. Renay's sister, Renisha Ramsey, pulled into the gas station to see if she was okay. Defendant offered Ranisha money and Renay got in her car to leave the gas station. Defendant threw something at Renay's car and said he was going to kill her.
 {¶ 5} Renay drove down 145th Street with defendant chasing behind her in his car. Renay began driving faster with defendant in pursuit. She pulled over to the side of the road and got out of her car. Renay says she stopped due to road construction and a desire not to put anyone's life in danger. Defendant drove up, stopped, then drove "real, real fast and tried to hit [her]." Renay jumped in front of her car to avoid being hit by defendant's car. Defendant continued to threaten to kill Renay as she drove off. Defendant chased her at high speeds until she arrived at her mother's house. At that point, defendant drove past still threatening to kill Renay. Renisha joined Renay at their mother's house, having followed the two from the gas station. Renay then made a police report at the Fourth District.
 {¶ 6} On cross-examination, Renay denied denting defendant's car with a four-way tire iron.
 {¶ 7} Renisha Ramsey also testified during the trial. Renisha confirmed that she noticed defendant and Renay at the gas station. Renisha knew defendant and Renay were not getting along so she pulled in to check on her sister. Defendant offered Renisha change that he had in his hand, which she declined. Defendant began fighting with Renay until she left in her car. Defendant started running behind the car and threw his change at her car window. Renay stopped, got out of her car and defendant got in his car and drove after her. Renisha started following them in her car. Defendant revved his engine and drove at Renay but she jumped out of the way. If she had not, Renisha believes defendant would have hit her.
 {¶ 8} Renisha found Renay at their mother's house. When they arrived at the police station to make a report, they learned someone was reporting that Renay had damaged defendant's car. Renisha claims Renay did not damage defendant's car and she does not know how his car got dented.
 {¶ 9} On cross-examination, Renisha did at one point say "I am not saying that [defendant] tried to hit [Renay]," but also repeated "[defendant] was trying to diagonally hit Renay." It was Renisha's opinion that if Renay did not jump out of the way, defendant would have hit her.
 {¶ 10} Florence Hines also testified on behalf of the State. Hines knows both Renay and defendant. Hines lives with Renay's mother and witnessed Renay being "trailed" by defendant in a high speed car chase. When Renay got to the driveway, defendant's car "zoomed" around her.
 {¶ 11} Renay's mother also confirmed that Renay arrived at her house upset that defendant was trying to kill her. She took Renay to the police station to make a report.
 {¶ 12} Officer Godeo of the Cleveland Police Department confirmed that Renay made a police report about the incident on April 7, 2005.
 {¶ 13} Detective Oliver of the Cleveland Police Department investigated Renay's complaint. The detective reiterated the statements of Renay and Renisha that were essentially identical to their trial testimony. She also interviewed defendant, who denied the accusations. Defendant denied being at the gas station. He claims that Renay followed him down the street, jumped out of her car, smashed his car with a tire iron, and then left. Oliver also interviewed Nicarlos Peevy who gave a similar version of events as defendant. Both claimed defendant attempted to make a police report against Renay at North Randall Police Department but was referred to the Fourth District. Allegedly, defendant could not make the report because the car was not titled in his name.
 {¶ 14} Detective Oliver observed dents on defendant's vehicle but could not ascertain when they occurred. She confirmed that the vehicle owner filed a criminal damaging report on April 7, 2005.
 {¶ 15} The trial court sustained the defendant's objection to testimony concerning the gas station surveillance tape from the day in question.
 {¶ 16} Defendant appeals raising two assignments of error for our review.
 {¶ 17} "I. The trial court's verdict is against the manifest weight of the evidence."
 {¶ 18} A manifest weight challenge questions whether the State has met its burden of persuasion. State v. Thompkins
(1997), 78 Ohio St.3d 380, 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. at 387.
 {¶ 19} Defendant was convicted of felonious assault under R.C. 2903.11, which provides:
 {¶ 20} "No person shall knowingly do either of the following:
 {¶ 21} "* * *
 {¶ 22} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 23} The indictment charged defendant with knowingly causing or attempting to cause physical harm to Renay Ramsey by means of a deadly weapon, to-wit: an automobile. "An automobile, when used in a manner likely to produce death or great bodily harm, can be classified as a `deadly weapon' under R.C. 2923.11."State v. Troyer (April 1, 1993), Cuyahoga App. No. 61983, other citations omitted.
 {¶ 24} Defendant argues his conviction is against the manifest weight of the evidence for the following reasons: (1) a lack of evidence to establish defendant's mental state;[1]
(2) the victim's story "does not make logical sense"; and (3) Renay's story conflicts with, or is inconsistent with, the testimony of her sister Renisha.
 {¶ 25} Defendant points to the following testimony as being inconsistent: Renay said defendant immediately ran to his car and followed her in his car while Renisha said defendant chased Renay's car on foot before getting into his car to chase her; Renay said defendant threw something while Renisha said defendant threw a fistful of change; and Renay said she got out of her car for safety reasons, while Renisha believed Renay got out to check her car for damage.
 {¶ 26} Additionally, defendant characterizes Renay's account as theatrical and unbelievable. Defendant implies it is incredulous that Renay would stop her car in the midst of a high speed chase, that defendant would wait for Renay to exit her car, then rev his engine and speed towards her in an attempt to hit her.
 {¶ 27} The record evidence amply supports defendant's conviction for felonious assault and is not unbelievable. The inconsistencies, if any, between the sister's testimony concerns minor points and does not detract from the substantial evidence that defendant attempted to hit Renay with his car.
 {¶ 28} The witness's testimony consistently established that but for Renay jumping out of the way, defendant would have hit her. Renay's claims that she got out of the car in the midst of the chase are credible when taken in context. Although defendant was the father of Renay's children, their relationship had deteriorated and both were involved with other people. The two were not getting along on the date of the incident. The weight of the evidence is that defendant was chasing and threatening to kill Renay. Renay grew concerned of causing injury to someone if she continued a high speed car chase through a construction area, so she stopped her car. Only after defendant attempted to hit her did she re-enter her car and drive away.
 {¶ 29} Defendant's conviction is not against the manifest weight of the evidence and this assignment of error is overruled.
 {¶ 30} "II. The appellant's conviction for felonious assault is based on insufficient evidence."
 {¶ 31} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. We must determine whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins, 78 Ohio St.3d at 386.
 {¶ 32} Defendant argues the State failed to produce sufficient evidence that he "knowingly" attempted to cause Renay physical harm.
 {¶ 33} R.C. 2901.22(B) provides: "A person acts knowingly, regardless of purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 34} The testimony established that defendant drove his car at Renay and that but for her moving out of the way, defendant would have hit her.
 {¶ 35} Whether a person acted "knowingly" for purposes of an alleged crime, must be ascertained from the totality of the surrounding circumstances. State v. Clark, Cuyahoga App. No. 83318, 2004-Ohio-2162, ¶ 12. Specific intent to cause a certain result is not required to establish that a person acted "knowingly." State v. Dixon, Cuyahoga App. No. 82951,2004-Ohio-2406. This is because intent to commit an offense is not easily proved with direct evidence. See State v. Brown
(Feb. 29, 1996), Cuyahoga App. No. 68761. The fact finder may find an intent to commit an act from the surrounding circumstances where it flows from the natural and probable consequence of a defendant's actions. Id.
 {¶ 36} In this case, there is sufficient evidence to infer defendant's intent to inflict physical harm on Renay Ramsey from his action of driving his vehicle at her. Further, defendant's conviction on this basis is not against the manifest weight of the evidence. The undisputed evidence was that defendant would have hit Renay if she had not moved herself. Stated differently, defendant did nothing to avoid hitting Renay with his car.
 {¶ 37} This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Calabrese, Jr., J., concur.
[1] Although mentioned, defendant simply incorporates his arguments concerning mens rea raised under Assignment of Error II, which is overruled as set forth below.