[Cite as *State v. Sternbach*, 2014-Ohio-4203.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100653**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JENNIFER STERNBACH

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND VACATED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-566339-A

**BEFORE:** Rocco, J., Jones, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 25, 2014

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, Ohio   44067

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Joseph J. Ricotta
         Brett Hammond
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Jennifer Sternbach appeals from her convictions after the trial court found her guilty of two counts of aggravated assault and one count of child endangering.

{¶2} Sternbach presents two assignments of error; each challenges the sufficiency of the evidence relating to her convictions. Because a review of the record demonstrates the state presented insufficient evidence to prove her guilt on all of the charges, her assignments of error are sustained.

{¶3} Sternbach's convictions result from an incident that occurred on the night of August 14, 2012. The incident was recorded on videotape, and the state's witnesses provided the following account of the events surrounding the incident.

{¶4} The two alleged victims, Marquise Butler and Mylez Owens, were traveling with two of their friends, Isiah and Rahiem, in Rahiem's car when they stopped to obtain fuel at a gas station located at the corner of Lee and Superior Roads in Cleveland Heights. The gas station was equipped with a video camera facing the gas pumps that recorded events taking place there.

{¶5} Another car, gray in color and containing three young women and two young children, was already there at one of the gas pumps when Rahiem pulled in. Rahiem proceeded into the station's store to pay for his gas. After eying the women, Butler, who smelled of alcohol, got out of the car with Isiah and approached the gray car. Butler attempted to "flirt" with the women. Sternbach, who was driving the gray car, rebuffed

Butler's efforts. One of Sternbach's passengers, Theresa Wells, went further; she began insulting Butler.

{¶6} Rahiem came outside, noticed an exchange was occurring, and joined Butler and Isiah to see what was happening. With his friends thus around him, Butler responded to the insults angrily. He exchanged additional words with Wells but she was unintimidated by him.

{¶7} By this time, Owens observed that the situation might require someone to "mediate." He exited Rahiem's car, walked up to the gray car's gas pump, and persuaded Butler to accompany him back. However, Wells continued her tirade and followed Butler with Sternbach and Regina Robinson, the other passenger from the gray car, behind her. Owens attempted to put himself between the women and Butler as he walked Butler to Rahiem's car.

{¶8} Wells's taunts further enraged Butler. Believing that he had done what he could for his friend, Owens returned to the other gas pump and told the women that they should just get into their car and leave.

{¶9} Butler refused to stay at Rahiem's car and could not remain still; instead, Butler stalked nearby Rahiem's car and waved his arms around in his agitation. His friends surrounded him and attempted to calm him down. At one point, Isiah went from simply restraining Butler to lifting him off his feet to carry him to Rahiem's car. Once again, Butler failed to stay there. Thus, as Sternbach finally drove her car away from the gas pump toward the facing access driveway, Butler chased after it and kicked it.

**{¶10}** Sternbach stopped and began to exit her car to check on the damage. Owens advised her to just "get back in the car." She took the advice, but as Owens tried to hustle Butler around the car and away from it, Butler struck the hood with his hand. Wells told Sternbach she should "just hit him with the car."

**{¶11}** As Sternbach approached the gas station's egress, she "saw a car coming" toward her, so she stopped her car again, allowing Butler to arrive at it, closely followed by Owens. She put her car in reverse briefly. Then she began a turn, back toward the gasoline pumps, that placed Butler and Owens in front of her car.

**{¶12}** Sternbach's car struck Butler in the shins and lifted him onto the hood. Owens also flew onto the car's hood for a moment. Sternbach completed her turn, causing the men to fall off, as she drove the car out of the gas station, using the opposite access driveway. Butler lost a shoe in the collision but managed to run after Sternbach's car and punch his fist through a rear window before the car left. After the window shattered, he saw that a child was seated on that side.

**{¶13}** Sternbach drove a short distance away from the gas station, then stopped to assess the situation. She could hear that police officers were responding to the scene. Butler and Owens fled but the police apprehended them within minutes. When the young men were returned to the scene, Sternbach identified Butler as the person who had shattered her car window. He and Owens were arrested and charged with disorderly conduct.

**{¶14}** Sternbach, Wells, and Robinson each provided a written statement to the police about the incident. None mentioned the collision of Sternbach's car with the men. However, in speaking with a police officer, Sternbach mentioned that she "may have made contact with the boys who were involved in the argument" while she was exiting the gas station's lot. The police thus obtained the gas station's surveillance videos from that night.

**{¶15}** As a result of a review of the video depicting the incident, Sternbach was indicted on three counts. She was charged with committing felonious assault on Butler and Owens and with child endangering.

**{¶16}** Sternbach took the case to a bench trial. After considering all the evidence, the trial court determined that Sternbach was guilty of two counts of felonious assault and of the child endangering count, but also found that the evidence was sufficient to support "the elements of * * * the affirmative defense of aggravated assault." The court sentenced her accordingly.

**{¶17}** This court granted Sternbach's request to file a delayed appeal of her convictions. She presents the following two assignments of error for review.

> I. The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that Appellant was guilty of aggravated assault.

> II. The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that Appellant was guilty of endangering children.

**{¶18}** Sternbach argues that the trial court erred in denying her Crim.R. 29 motions for acquittal because the state failed to present sufficient evidence as to all the elements of the offenses.

**{¶19}** As to her convictions for aggravated assault in violation of R.C. 2903.12(A)(2), although she does not challenge the trial court's finding that she acted "under the influence of sudden passion or in a sudden fit of rage," she contends the evidence failed to prove that she acted "knowingly" and that she used her car as a "deadly weapon."

**{¶20}** As to her conviction for child endangering in violation of R.C. 2918.22(A), she contends that the evidence failed to prove that she "recklessly" created "a substantial risk to the health or safety of [her] child, by violating a duty of care [or] protection." R.C. 2901.22(C) defines "recklessly" in pertinent part as acting "with heedless indifference to the consequences, * * * perversely disregard[ing] a known risk that [the] conduct is likely to cause a certain result * * * ."

**{¶21}** In reviewing the sufficiency of the evidence, this court noted as follows in *State v. McDuffie*, 8th Dist. Cuyahoga No. 88662, 2007-Ohio-3421, ¶ 21:

> A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the state has met its burden of production at trial. *State v. Thompkins*, 78 Ohio St.3d 380, 390, 1997-Ohio-52, 678 N.E.2d 541.* * * [C]ourts are to assess not whether the

state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. *Id.* The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The motion "should be granted only where reasonable minds could not fail to find reasonable doubt." *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 394.

{¶22} R.C. 2901.22(B) states:

> A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

{¶23} As the court observed in *State v. Huff*, 4th Dist. Jackson No. 06CA7, 2006-Ohio-5081, ¶ 9:

> Whether a person acts knowingly can only be determined, absent a defendant's admission, from the surrounding facts and circumstances, including the doing of the act itself.

{¶24} Furthermore, an automobile, when used in a manner likely to produce death or great bodily harm, can be classified as a "deadly weapon" under R.C. 2923.11. *State v. Tate*, 8th Dist. Cuyahoga No. 87008, 2006-Ohio-3722, ¶ 23, citing *State v. Troyer,* 8th Dist. Cuyahoga No. 61983, 1993 Ohio App. LEXIS 1791 (Apr. 1, 1993).

{¶25} In this case, the trial court denied Sternbach's motions for acquittal of the charges against her. The trial court's decision was incorrect.

{¶26} Butler testified that he saw "some infants in the back seat" when he was arguing with Wells. Butler admitted that he became "enraged" by Wells's comments to him. He acknowledged that he kicked Sternbach's car as it was leaving the gas station and that he chased after it. Butler also stated that he believed Sternbach's car was "not gonna' hit" him as Sternbach made her turn.

{¶27} Owens remembered "seeing a baby in [Sternbach's] car" during Butler's confrontation with Wells. Owens testified that he and his friend Isiah physically restrained Butler because Butler became so aggressively angry at Wells. Owens remembered that Sternbach took no action to defend Wells; rather, Sternbach appeared only to want Wells to leave the situation. Owens further acknowledged that the gas station was located at a busy intersection. He stated that, as Sternbach's car was leaving the gas station, Sternbach stopped and backed the car, then began making a turn so that it pointed at him and Butler, but Owens was not in fear because he "thought she wasn't gonna' hit us." Owens characterized the collision as "an accident."

{¶28} Neither of the men was seriously injured; in fact, Butler testified that he recovered his balance, chased Sternbach's car through the gas station, and "punched the window" where Sternbach's child was seated before Sternbach's car left. Butler struck the window hard enough to shatter it. Although the gas station attendant testified that,

from her perspective, she believed Sternbach deliberately "ran him over," the attendant also stated she saw two Hispanic males in the back seat of Sternbach's car.

{¶29} Wells and Robinson both testified that Sternbach's two-year-old daughter and Wells's one-year-old son were in the back seat of Sternbach's car when the incident occurred. When asked if either of the children was in danger that night by anything Sternbach did, Wells answered, "No." Wells stated that she was the one who exchanged heated words with Butler, and that Sternbach did not engage in the argument. Butler testified that he recovered his balance after Sternbach's car collided with him, chased her car through the gas station, and "punched the window" where Sternbach's child was seated before her car left.

{¶30} The video depicts the incident and proves that Sternbach was not guilty of committing either aggravated assault or child endangering. The group of young men at several points surrounded Sternbach's car with Butler being in a state of violent agitation. Sternbach drove away from the pumps with the young men chasing her car. She stopped at the egress to the station because she "saw a car coming." The young men had caught up to her car. Sternbach stated that she "panicked." In an effort to escape them, she backed up, and then proceeded to make a turn back toward the gasoline pumps. Butler and Owens happened to be in the way. The video also shows Sternbach completing her turn after striking Butler and Owens and then proceeding away using the other driveway. As the video demonstrates, Butler's reaction to getting hit by the car was to chase after it and to punch one of the rear windows as it left.

**{¶31}** In reviewing all the evidence presented in this case in a light most favorable to the prosecution, the surrounding facts and circumstances indicate that Sternbach neither acted "knowingly" nor intended to use her car as a "deadly weapon" in striking the alleged victims. *State v. Copley*, 8th Dist. Cuyahoga No. 92784, 2010-Ohio-2340. Instead, she accidently collided with them while attempting to flee what she perceived to be a dangerous situation. *Compare State v. Williams*, 9th Dist. Medina No. 09CA0042-M, 2010-Ohio-1248; *State v. Matthews*, 8th Dist. Cuyahoga No. 97916, 2012-Ohio-5174; *State v. Tate*, 8th Dist. Cuyahoga No. 87008, 2006-Ohio-3722. For the same reasons, a rational trier of fact could not find beyond a reasonable doubt that she recklessly placed her child in danger. *Compare State v. Dover*, 5th Dist. Stark No. 2007-CA-00140, 2008-Ohio-1071.

**{¶32}** Sternbach's assignments of error, accordingly, are sustained.

**{¶33}** Her convictions are reversed and vacated.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for proceedings consistent with this opinion.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE
LARRY A. JONES, SR., P.J., and
MELODY J. STEWART, J., CONCUR