[Cite as *State v. Bolden*, 2016-Ohio-8488.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104227**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEMETRIS A. BOLDEN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-591698-A

**BEFORE:** Keough, P.J., Kilbane, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 29, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By:     Erika B. Cunliffe
          Noelle A. Powell
Assistant Public Defenders
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:     Daniel A. Cleary
          Glen Ramdhan
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Demetris A. Bolden ("Bolden"), appeals his convictions. For the reasons that follow, we affirm.

{¶2} In December 2014, Bolden was named in a twelve count indictment charging him with two counts of aggravated murder, one count of murder, two counts of aggravated robbery, three counts of felonious assault, and one count each of aggravated burglary, burglary, tampering with evidence, and failure to comply. Both one- and three-year firearm specifications were included in the indictment. Bolden waived his right a jury trial, and the following evidence, relevant to this appeal, was presented to the bench.

{¶3} In the early morning hours of December 5, 2014, Tiffany Smith was murdered. Detective David Borden testified that he had been investigating Smith's homicide that morning when he saw Smith's vehicle approaching. Because Smith's vehicle was missing from the scene, Detective Borden walked into the street, displayed his police badge, and ordered the driver of Smith's vehicle to stop. Detective Borden testified that Bolden was driving the vehicle and that rather than comply with police commands, Bolden revved the engine, causing the vehicle to accelerate. Detective Borden testified that he had to get out of the vehicle's path to avoid being struck.

{¶4} After a brief chase, Bolden bailed out the car and fled on foot. The police searched the area, and eventually, Robert Poole, who lived in the downstairs residence at

3030 East 128th Street alerted police that someone was possibly in his basement. The police entered the Poole residence, and after giving multiple commands, Bolden emerged from the basement and was taken into custody. While Bolden was being escorted out the residence, his girlfriend, Kyeisha Allen was standing on the sidewalk across the street. After speaking with Allen, the police reentered the Poole residence and recovered a handgun from the top of the refrigerator located near the basement steps.

{¶5} At the close of all the evidence, the trial court found Bolden not guilty of all charges related to the murder of Tiffany Smith — aggravated murder, murder, aggravated robbery, and two counts of felonious assault. However, the court found Bolden guilty of one count of felonious assault, aggravated burglary, burglary, failure to comply, and tampering with evidence, including the one-year firearm specifications attendant to each offense. The court sentenced Bolden to a total prison term of 17 years.

{¶6} Bolden now appeals, raising three assignments of error, which will be addressed out of order.

I. Sufficiency of the Evidence — Aggravated Burglary and Burglary

{¶7} In his second assignment of error, Bolden contends that he was denied federal and state due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution when he was convicted on evidence that was insufficient as a matter of law to sustain the conviction for the offenses of aggravated burglary and burglary.

**{¶8}** The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. No. 92266, 2009-Ohio-3598, ¶ 12. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The Supreme Court of Ohio has held that when reviewing the sufficiency of the evidence, an appellate court is to consider all of the evidence admitted at trial, even if the evidence was improperly admitted. *State v. Brewer*, 121 Ohio St.3d 202, 2009-Ohio-593, 903 N.E.2d 284, ¶ 19; *State v. Roseberry*, 197 Ohio App.3d 256, 2011-Ohio-5921, 967 N.E.2d 233 (8th Dist.).

**{¶9}** Bolden was charged with aggravated burglary in violation of R.C. 2911.11(A)(2). Count 7 of the indictment read that on or about December 5, 2014, Bolden

> did, by force, stealth, or deception, trespass as defined in [R.C.] 2911.21(A)(1) * * * in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when Robert Poole, a person other than the accomplice, was present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure a criminal offense, to wit: Tampering, [R.C.] 2921.12, and the offender had a deadly weapon or dangerous ordnance, to wit: Taurus 9mm, Serial #CTS02801, on or about his person or under his control.

{¶10} Bolden was also charged with burglary in violation of R.C. 2911.12(A)(1). Count 8 of the indictment read that on or about December 5, 2014, Bolden

> did, by force, stealth, or deception, trespass as defined in [R.C.] 2911.21(A)(1) * * * in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when Robert Poole, a person other than the accomplice, was present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure a criminal offense, to wit: Tampering, [R.C.] 2921.12.

{¶11} Bolden contends on appeal that the state failed to produce evidence explaining how he gained entry into the Poole residence; thus, the state did not prove that Bolden acted by means of force, stealth, or deception. He also contends that no testimony was presented that he was in the basement.

{¶12} Bolden directs this court to review *State v. Howard*, 8th Dist. Cuyahoga No. 85500, 2005-Ohio-5135, and *State v. Isom*, 8th Dist. Cuyahoga No. 78959, 2001 Ohio App. LEXIS 5312 (Nov. 29, 2001), wherein this court determined that the absence of evidence going to the element of force, stealth, or deception mandated reversal of the convictions.

{¶13} In *Howard*, this court reversed the defendant's conviction for an aggravated burglary conviction where the evidence did not indicate the manner in which the defendant made entry and did not demonstrate that he entered through force, stealth, or deception. In *Isom*, this court reversed a conviction for burglary where the evidence demonstrated that defendant was observed in the garage but did not demonstrate that he entered through force, stealth, or deception.

**{¶14}** However, these cases are distinguishable from this matter and we find this court's decision in *State v. Dowell*, 166 Ohio App.3d 773, 2006-Ohio-2296, 853 N.E.2d 354 (8th Dist.), more instructive. In *Dowell*, this court concluded that the defendant's conduct of ducking down after entering an open garage and remaining in the garage until apprehended was sufficient evidence to prove that the defendant used stealth to remain in the garage without permission. *Id.* at ¶ 20. The Ohio Supreme Court indicated that a proper definition of "stealth" would be "any secret, sly, or clandestine act to avoid discovery and to gain entrance into or to remain within a residence of another without permission." *State v. Lane*, 50 Ohio App.2d 41, 47, 361 N.E.2d 535 (10th Dist.1976); *State v. Carter*, 8th Dist. Cuyahoga No. 86396, 2006-Ohio-1072; *see also State v. Bacon*, 8th Dist. Cuyahoga No. 85475, 2005-Ohio-6238, ¶ 80-82 (peeking into windows constitutes a sly act).

**{¶15}** In this case, Robert Poole testified that when he arrived back home in the early morning hours, he saw someone, later identified as Bolden, peeking out of the door — seeing Bolden's head coming out of the side door. (Tr. 853, 857.) This observation and the noises he and other family members heard coming from the basement led him to believe that someone was in the basement of his residence. Additionally, multiple members of the team that apprehended Bolden in the Poole residence testified that after giving three verbal commands and threatening to send the K-9 unit down the basement steps, Bolden surrendered and emerged from the basement with his hands up. Finally,

Bolden's girlfriend, Kyeisha Allen testified that he told her he was hiding from police in a residence on East 128th Street.

{¶16} We believe that Bolden's action of peeking out of the door and subsequently hiding in the basement was a sly or clandestine act and any rationale trier of fact could conclude that Bolden used stealth to remain in the Poole residence without permission, thus satisfying the element of "force, stealth, or deception" for both aggravated burglary and burglary.

{¶17} Bolden also challenges his aggravated burglary conviction by contending that no testimony was presented to establish that he left behind the gun that was recovered from the Poole residence, thus failing to prove that he had a gun on or about his person when he entered the home. We disagree.

{¶18} The occupants of the Poole residence each testified that they did not own a firearm. Furthermore, Carolyn Poole, testified that she found her frying pan on top of the refrigerator, a place where it did not belong. When she moved the pan, she discovered a handgun hiding behind the pan. (Tr. 731.) Moreover, Allen testified that Bolden told her that the gun was hiding on top of the refrigerator in the house where he was hiding. (Tr. 938-940.) Detective Rhonda Gray testified that after she learned that Allen disclosed where the gun was hiding to other officers, she located the gun on top of the refrigerator in the Poole residence. (Tr. 480-481.) Based on the testimony, the trier of fact could reasonably conclude that Bolden hid the gun on top of the refrigerator while trespassing in the Poole residence.

{¶19} Viewing the evidence in the light most favorable to the prosecution, sufficient evidence was presented to support Bolden's convictions for both aggravated burglary and burglary. Accordingly, the second assignment of error is overruled.

II. Manifest Weight of the Evidence — Felonious Assault

{¶20} Bolden contends in his first assignment of error that his conviction for felonious assault as charged in Count 6 is contrary to the weight of the evidence. Specifically, he contends that because there was testimony that Bolden swerved the car or veered past the Detective Borden, he did not act knowingly to be convicted of felonious assault.

{¶21} In contrast to a sufficiency argument, a manifest weight challenge questions whether the state met its burden of persuasion. *Bowden*, 8th Dist. No. 92266, 2009-Ohio-3598, at ¶ 12. A reviewing court "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins*, 78 Ohio St.3d at 388, 678 N.E.2d 541. A conviction should be reversed as against the manifest weight of the evidence only in the most "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶22} Bolden was charged in Count 6 with felonious assault in violation of R.C. 2903.11(A)(2), which provides in relevant part that no person shall knowingly cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous

ordnance. A person acts knowingly, regardless of his purpose, "when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

**{¶23}** A motor vehicle can be classified as a "deadly weapon" under R.C. 2923.11 when it is "'used in a manner likely to produce death or great bodily harm.'" *State v. Andre*, 8th Dist. Cuyahoga No. 101023, 2015-Ohio-17, ¶ 37, quoting *State v. Sternbach*, 8th Dist. Cuyahoga No. 100653, 2014-Ohio-4203, ¶ 24; *see also State v. Tate*, 8th Dist. Cuyahoga No. 87008, 2006-Ohio-3722, ¶ 23. In *Andre*, this court reasoned that "aiming a vehicle in the direction of persons in a parking lot and quickly accelerating the vehicle towards those persons is likely to result in someone being seriously injured or killed." *Id.*

**{¶24}** In this case, Detective Borden testified that as he and other officers were wrapping up the investigation at the Smith residence, he noticed Smith's vehicle coming eastbound toward the house. He testified that he stepped into the middle of the street, displayed his police badge, and ordered Bolden to stop the car. "Bolden looked at me, I looked at him. I told him, pull over, please pull over. He revved the engine accelerator, and I ran back between the cars." (Tr. 273.) Detective Borden further explained that Bolden "accelerated, he stomped on the gas, he accelerated the engine. I heard the engine roar, and I went back between the cars" and Bolden drove off. (Tr. 275.) Borden testified that he would have been struck by the vehicle had he not moved out of the way. (Tr. 275-276, 282-283.)

{¶25} Detective Borden's testimony was corroborated by Sergeant Michael Quinn who testified that he saw Detective Borden in the street displaying his police badge while ordering the driver to stop the vehicle. He testified that he heard the engine of the vehicle "rev up as it was flying past," causing Detective Borden to get out of the path of the vehicle. (Tr. 869.)

{¶26} Although Detective Borden testified that the car veered left of center as it passed him, the testimony at trial demonstrates that Bolden knowingly accelerated the moving vehicle directly at Detective Borden, who was forced to move out of the way to avoid being struck by the vehicle.

{¶27} Accordingly, this is not the exceptional case where Bolden's conviction for felonious assault must be reversed as being against the manifest weight of the evidence. The first assignment of error is overruled.

### III. Effective Assistance of Counsel

{¶28} In his third assignment of error, Bolden contends that he was denied effective assistance of counsel when his attorney failed to object to inadmissable hearsay.

{¶29} To establish ineffective assistance of counsel, a defendant must demonstrate (1) that counsel's performance fell below an objective standard of reasonable representation and (2) that he was prejudiced by that performance. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is established when the defendant demonstrates "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶30} The failure to prove either prong of the *Strickland* two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland* at 697. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. * * * If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice * * * that course should be followed." *Strickland* at *id.*

{¶31} In this case, Robert Poole testified that his grandmother told him that she saw "somebody walk through the front, went out the back." (Tr. 857.) On appeal, Bolden contends his counsel was ineffective for failing to object to this hearsay testimony from Robert and also for failing to object to its use during the state's closing argument. According to Bolden, this "stray piece of inadmissible hearsay is the only thing that suggests where [he] may have entered 3030 E. 128th and is the only account that places him in the Poole's apartment."

{¶32} We disagree. Although Robert's testimony was hearsay, Bolden was not prejudiced by his counsel's failure to object to this testimony or to the state's closing argument. As previously explained when addressing Bolden's second assignment of error, Robert's testimony about what his grandmother told him would have been of little

import considering the additional testimony and evidence that was presented placing Bolden inside the Poole residence.

{¶33} Accordingly, we cannot say that Bolden was sufficiently prejudiced by his counsel's failure to object such that a reasonable probability exists that the outcome of the trial would have been different. The third assignment of error is overruled.

{¶34} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
SEAN C. GALLAGHER, J., CONCUR